IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11952-BB

_____

JIM BARRETT,

                                                    Plaintiff-Appellee,

versus

WALKER COUNTY SCHOOL DISTRICT,
MR. DAMON RAINES,
in his official and individual capacities,
MR. MIKE CARRUTH,
in his official capacity,

                                                    Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

Before: ROSENBAUM, JULIE CARNES, and GILMAN,[*] Circuit Judges.

BY THE COURT:

Appellee's "Motion for Appellate Attorneys' Fees and Expenses" is GRANTED as to

Appellee's entitlement to appellate attorneys' fees.   This Court TRANSFERS Appellee's

"Motion for Appellate Attorneys' Fees and Expenses" to the District Court for its consideration

of the fee amount. *See* 11th Cir. R. 39-2(d).

_____

[*] Honorable Ronald Lee Gilman, United States Circuit Judge for the Sixth Circuit, sitting
by designation.

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

CASE NO: 16-11952

WALKER COUNTY SCHOOL DISTRICT, ET AL.,

Appellants,

**v.**

JIM BARRETT

Appellee.

_____

**APPELLEE'S MOTION FOR APPELLATE ATTORNEYS' FEES AND
EXPENSES AND TRANSFER OF DISTRICT COURT FEES AND
EXPENSES TO LOWER COURT**

_____

GERALD R. WEBER                          CRAIG GOODMARK
Post Office Box 5391                     One West Court Sq. Ste. 410
Atlanta, GA 31107                        Decatur, GA  30030
404.932.5845                             404.719.4848
wgerryweber@gmail.com                    cgoodmark@gmail.com

Attorneys for Appellee

-1-

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Pursuant to Fed. R. App. P. 26.1 and Rule 26.1-1 (a)(3) of the United States Court of Appeals for the Eleventh Circuit Rules, Appellee notifies this Court that the amended and updated CIP filed by Appellants is correct and complete.

Dated: October 13th, 2017.

*/s Gerald R. Weber*

_____

Gerald R. Weber
Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107
404.522.0507
wgerryweber@gmail.com
*Attorneys for Appellee*

## APPELLEE'S BRIEF IN SUPPORT OF
## MOTION FOR ATTORNEYS' FEES AND EXPENSES

Plaintiff-Appellant Jim Barrett (Barrett) prevailed by virtue of this Court's order dated October 2, 2017 on their claims for permanent injunctive relief. Pursuant to Eleventh Circuit Local Rule 39-2, "an application for attorney's fees must be filed with the clerk within 14 days after the time to file a petition for rehearing or rehearing *en banc* expires, or within 14 days after entry of an order disposing of a timely petition for rehearing or denying a timely petition for rehearing *en banc*, whichever is later."

This court's decision resolved the facial challenge and affirmed the entry of a permanent injunction.  Thus, that order established Plaintiff's prevailing party status.  Plaintiff requests, pursuant to Rule 39-2, an award of reasonable fees and expenses associated with the permanent injunction (district court and appeal), or in the alternative, an award of only those fees and expenses associated with the appeal and remanding the remaining portion of this fee request to be addressed along with the other as-applied issues on remand.[1]

Barrett hereby submits this brief (and supporting documentation including Eleventh Circuit forms) in support of the request for costs and attorneys' fees

---

[1]      Counsel have separately identified all time associated with the appeal stage of this case for simplicity.

reasonably expended in obtaining a favorable resolution.

## STATEMENT OF THE CASE

## ARGUMENT AND CITATION OF AUTHORITY

The Supreme Court has explained that when a plaintiff succeeds in bringing a civil rights claim, "he serves as a private attorney general, vindicating a policy that Congress considered of the highest priority." *Fox v. Vice*, 131 S.Ct. 2205, 2213 (2011) (internal quotation marks and citation omitted).  Prevailing parties in civil rights actions are entitled to an award of attorneys' fees. 42 U.S.C. § 1988; *see also Hensley v. Eckerhart* 461 U.S. 424 (1983). "This statute is interpreted broadly since it is remedial in nature and facilitates private enforcement of civil rights."  *Webster Greenthumb Co. v. Fulton Cty.*, 112 F.2d 1339, 1346 (N.D. Ga. 2000).

The Supreme Court clarified that "a 'prevailing party' is one who has been awarded some relief by the court" and reiterated that "even an award for nominal damages suffices" to establish prevailing party status.  *Buckhannon Bd. and Care Home, Inc. v. West Virginia*, 532 U.S. 598, 603-604 (2001) (*citing Farrar v. Hobby*, 506 U.S. 103, 113 (1992)); *see also Texas State Teachers Ass'n v. Garland Independent School Dist*., 489 U.S. 782 (1989) ("A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation.").  Barrett has now

prevailed on his claims for permanent injunctive relief relating to the facial unconstitutionality of the challenged public comment policy.[2]

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensle*y, 461 U.S. at 435; *Villano v. City of Boynton Beach*, 254 F. 3d 1302, 1308 (11th Cir. 2001) ("If the court determines that the result obtained was an excellent result, then the award of fees 'will encompass all hours reasonably expended on the litigation and indeed in some case of exceptional success an enhanced award may be justified.'"); *Association of Disabled Americans v. Neptune Designs, Inc.,* 469 F.3d 1357, 1359 (11th Cir. 2006).

Additionally, a court may apply "a common-sense comparison between relief sought and relief obtained ... to indicate whether a party has prevailed." *Institutionalized Juveniles v. Sec'y of Pub. Welfare,* 758 F.2d 897, 911 (3rd Cir. 1985) (*citing Bonnes v. Long,* 599 F.2d 1316, 1319 (4th Cir. 1979) (noting that a court should "look to the complaint to identify the conditions the suit sought to change, then use this as a benchmark to measure relief ultimately obtained").

---

[2]     A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hopwood v. State of Texas,* 236 F.3d 256, 278 (5th Cir. 2000) (*citing Hensley,* 461 U.S. at 429). "[I]n the absence of special circumstances a district court not merely 'may' but must award fees to the prevailing plaintiff... ." *Morscott, Inc. v. City of Cleveland,* 936 F.2d 271 (6th Cir. 1991) (*quoting Ind. Fed. of Flight Attendants v. Zipes,* 491 U.S. 754, 761 (1989)).

I.   <u>Determining the Lodestar</u>

In determining an objective estimate of the value of a lawyer's services, this Court must multiply those hours reasonably expended by a reasonable hourly rate, or compute the "lodestar." *Hensley*, 461 U.S. at 433; *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "[T]he lodestar figure represents a presumptively reasonable fee." *Military Circle Pet Ctr. v. Cobb County*, 734 F.Supp. 502, 504 (N.D. Ga. 1990); *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). Moreover, "[t]he Supreme Court has emphasized that the resulting figure is "more than a mere 'rough guess' of the final award." *Halderman v. Pennhurst State School and Hosp*., 725 F. Supp. 861, 863 (E.D. Pa. 1989) (*citing Delaware Valley I*, 478 U.S. at 564).  Rather, it is "'*presumed* to be the reasonable fee' to which counsel is entitled." *Id.* (*quoting Blum,* 465 U.S. at 897) (emphasis in original).

A.  <u>REASONABLE HOURS.</u>

In determining whether counsel expended a reasonable amount of time on the case, the Court looks first to the time claimed.

1.  <u>Time Expended.</u>

Where "plaintiff's claims for relief ... involve a common core of facts or [are] based on related legal theories" the district court "should focus on the significance

-6-

of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 434. The hours claimed or spent on a case are "[t]he most useful starting point for determining the amount of a reasonable fee." *Hensley*, 461 U.S. at 433.  Counsel must exercise "billing judgment" in determining the hours reasonably expended on the merits, *Id.* at 437, and attorneys should be compensated for the time reasonably expended in seeking an award of fees from the court.  *Johnson v. Univ. Coll. of Univ. of Ala. Birmingham*, 706 F.2d 1205, 1207 (11th Cir. 1983); *Johnson v. Mississippi*, 606 F.2d 635, 638 (5th Cir. 1979).

Counsel's certification that the work itemized has in fact been performed is "entitled to considerable weight on the issue of time required ... .".  *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988).  Indeed, this Circuit has stated that "[s]worn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case and, therefore, it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Perkins*, 847 F.2d at 738.

Plaintiff's counsel have stated in their affidavits that they maintained accurate and contemporaneous records of time spent and expenses incurred in this matter.  Weber Decl ¶ 4; Goodmark Decl. ¶ 4**.**  Counsel further declare that they

have carefully reviewed their time sheets and exercised prudent billing judgment

with regard to the billable time and out-of-pocket expenses claimed. *Id*.  Counsel's

hours represent a specific division of labor and were reduced for any time that

could be construed as "excessive, redundant or inefficient."  *Id*.; *see also In Re

Domestic Air Transp. Antitrust Litig*., 148 F.R.D. 297, 354 (N.D. Ga. 1993).

Plaintiffs have both documented time by task, and extensively reduced time.  *Id.;*

*see also* Garrett Decl., ¶ 10-11; Caplan Declaration ¶ 8-9.

> 2.  The Johnson Factors.

Although the Eleventh Circuit has followed Supreme Court precedent in

abandoning the test set forth in *Johnson* in favor of the lodestar formula, it is still

useful to consider the twelve factors in calculating a reasonable fee. *Johnson v. Ga.

Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Loranger v. Stierheim*, 10

F.3d 776, 781 (11th Cir. 1994).

Four Johnson factors - the time and labor required, the novelty and difficulty

of the case, the amount involved and the result obtained, and the skill of the

attorneys requisite to perform the legal service properly - should be considered in

assessing the reasonableness of the hours claimed.  *See generally, Norman*, 836

F.2d at 1299-1302.

a.  <u>Time and Labor Required</u>.

In making a fee request, "[c]ounsel ... should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman*, 836 F.2d at 1301.  Counsel should provide in the fee request the hours spent "with sufficient particularity." *ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999).  As previously noted, Plaintiffs' counsel have affirmed that they have carefully reviewed their time records and exercised prudent billing judgment with regard to the billable time and out-of-pocket expenses claimed.  Weber Decl ¶ 4; Goodmark Decl. ¶ 4**,** *see also* Garrett Decl., ¶ 11; Caplan Declaration ¶ 8.

b.  <u>Novelty and Difficulty of the Issues Presented</u>.

In determining a reasonable attorney fee, this Court should consider the novelty and difficulty of the questions presented in this case and the skill requisite to perform the services properly. *See Blanchard v. Bergeron*, 489 U.S. 87, n. 5 (1989) (*citing Johnson,* 488 F.2d at 717-19).  While factually simple, this case involved some complex issues of First Amendment law that necessitated supplemental briefing on several issues and oral argument to this Court. Moreover, the issues were sufficiently novel that an amicus brief was filed by the Georgia

School Board Association.

c. <u>The Amount Involved and the Results Obtained.</u>

As the Eleventh Circuit explained, where all the theories of recovery arise

from a common core of facts, a district court should focus on "the significance of

the overall results as a function of total reasonable hours." *Norman,* 836 F.2d at

1302. The public benefit advanced by civil rights litigation is far more important

than the amount of money received. *City of Riverside v. Rivera*, 477 U.S. 561, 574

(1989) ("Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate

important civil and constitutional rights that cannot be valued solely in monetary

terms."). Attorney fees analysis should "encompass not only a comparison of the

relief requested to that recovered, but also a determination of whether public

interests have been served by resolution of the dispute." *Walker v. Crigler,* 145

F.3d 1327(4th Cir. 1998) (unpublished opinion) (*citing Sheppard v. Riverview

Nursing Center, Inc.,* 88 F.3d 1332, 1336 (4th Cir. 1996)); *see also Webster

Greenthumb Co.*, 112 F. Supp. 2d at 1376-789 ("the most important factor is the

results obtained" and enhancement may be appropriate for public advancement

"spillover benefits for non-parties"); *Barber v. T.D. Williamson, Inc.*, 254 F.3d

1223 (10th Cir. 2001) (attorney fees to civil rights claimant to be construed broadly

to allow recovery when attorneys are encouraged to represent civil rights clients,

important right is affirmed, or need to improve or change conduct is established).

The results achieved by Barrett thus far included the very primary relief he sought at the outset of the case, a permanent injunction against the unconstitutional public comment policy. *See Koster v. Perales*, 903 F.2d 131, 135 (2nd Cir. 1990) (where full measure of attorney fees' were awarded, although settlement agreement required defendant to do no more than he was obligated to do by law before litigation began, because "[p]laintiffs ... obtained the relief contemplated at the outset of the litigation."); *see also Hewitt v. Helms*, 482 U.S. 755, 761 (1987) ("At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces... ."); *see also Hensley* 461 U.S. at 435 ("[T]he court's rejection of *or failure to reach certain grounds* is not a sufficient reason for reducing a fee. The result is what matters.") (emphasis added); *Brooks v. Georgia State Bd. of Elections*, 997 F.2d 857, 861 (11th Cir. 1993) ("compensable time for purposes of these fee statutes is that time spent *'on the litigation*.'") (emphasis in original).

Indeed, the Supreme Court has held that "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.... In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at

435; *see also Brooks*, 997 F.2d at 868 ("This principle is no less applicable where

the plaintiff did not receive all the relief requested.") (*citing* and *quoting Hensle*y,

461 U.S. at 435-36 n. 11).[3]  The results obtained in this case were excellent.

Plaintiff should receive the full amount of attorney's fees requested for successfully

prevailing in this case.

> d.  <u>Skill and Expertise of the Attorneys</u>.

 Detailed information regarding the skill and expertise of the Plaintiff's

counsel is contained in the Declarations of Counsel, their expert, and in the

discussion of reasonable hourly rate. Weber Decl ¶¶ 2-3; Goodmark Decl. ¶¶ 2-3;

Garrett Decl., ¶ 8; Caplan Declaration ¶ 6-7.  Plaintiff's legal team included

counsel with much constitutional tort and free speech litigation experience, and

prior related litigation specifically involving public comment policies before

government bodies.  The experience and specialized expertise of counsel enabled

------

[3]     In *Brooks,* voters challenged Georgia's redistricting of judicial circuits and
method of electing superior court judges. 997 F.2d at 859.  The district court heard
and decided only the Section 5 claim.  Defendant objected to the inclusion of hours
the Plaintiffs' counsel spent on unadjudicated Section 2 claims, for time spent
showing discrimination or potential discrimination and for failing to reduce the
award on grounds of "limited success." 997 F.2d at 868.  The Eleventh Circuit
determined that "[t]he State's argument ... is without merit" reasoning that the
"object of the Section 5 claim, the only claim litigated, was to block continued
application of the challenged changes absent preclearance. Because this was, in
fact, the ultimate result in this case, the district court's refusal to reduce Brooks'
fee award for limited success was not an abuse of discretion." *Id*.

Barrett to pursue this case successfully and efficiently.

e.     The Court May Consider Defendant's Actions in Exacerbating the Costs of Litigation.

Barrett received the injunction they sought only after overcoming both a partial summary judgment and appeal.  Moreover, the district court ordered a targeted mediation around policy revisions that proved unsuccessful [Doc. 35, 36] and this Court's mediation process was also employed.  However, Defendants steadfastly refused to amend their policy to even provide a timeframe for the scheduling of a first meeting under the policy.

This Court is entitled to consider Defendant's tactics and delays in

determining the amount of attorney fees.[4] *See City of Riverside v. Rivera,* 477 U.S.

561, 580 n. 11 (1986) (stating that a defendant "cannot litigate tenaciously and then

be heard to complain about the time necessarily spent by plaintiff in response")*;*

*Connolly v. National School Bus Service, Inc.,* 177 F.3d 593, 598 (7th Cir. 1999)

(upholding an attorney fee reduction to plaintiff because "[counsel's] dilatory

litigation tactics had unduly prolonged the litigation."); *Shipes v. Trinity Indus.,*

987 F.2d 311, 321 (5th Cir.1993) (stating that "obstinate conduct by opposing

counsel is compensated by the additional number of hours required to prevail over

such obstinancy"); *Powell v. U.S. Dept. of Justice*, 569 F. Supp. 1192

(D.C.Cal.1983) (awarding interim fees to plaintiff based, in part, on the fact that

"the government has engaged in inordinate delay" and the fact that "this litigation

has been pending for over a year and a half and is likely to continue for a

substantial period of time."); *Marbled Murrelet v. Pacific Lumber Co.,* 163 F.R.D.

308, 326 (N.D.Cal.1995) (stating that defendant's counsel "may have the right to

play 'hardball' when defending its client's interests, but it should bear the costs

---

[4] The Supreme Court has approved the practice of adjusting fee awards to account
for delay. *See Missouri v. Jenkins,* 491 U.S. 274, 283-84 (1989); *Pennsylvania v.
Delaware Valley Citizens' Council for Clean Air (Delaware Valley II),* 483 U.S.
711, 716 (1987) ("[D]elay constitutes an appropriate reason for enhancing the

associated with pursuing this type of obstructionist strategy").

Here, the district court ordered the parties to mediation with the specific directive to explore the development of a constitutional policy.  Doc. 35.  WCSD neither mediated an agreeable policy, nor enacted one on their own.  Instead, they moved for summary judgment and then appealed the entry of a permanent injunction.  Barrett sought the most expeditious resolution of the primary issue in the case, the facial constitutionality of the policy, and filed for an early summary judgment rather than engaging in time consuming and expensive discovery – with the hope that settlement would occur once the primary issue was resolved.  The juxtaposition of Barrett's attempts at early resolution, and WCSD contrary tactics and appeal is relevant to the assessment of reasonable time expended.

## B.  <u>REASONABLE HOURLY RATE</u>.

In assessing a reasonable hourly rate for Barrett's counsel, this Court must evaluate the attorneys' "knowledge of trial practice and knowledge of the substantive law." *Norman*, 836 F.2d at 1301.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*. at 1299.  In short, the rate should "reflect what an attorney with similar experience,

---

lodestar").  "This is a matter within the district court's discretion." *SPIRG of New Jersey v. AT & T Bell Laboratories*, 842 F.2d 1436, 1453 (3rd Cir. 1988).

background, skill, and reputation would charge under the same circumstances." *In re Chicken Antitrust Litig.*, 560 F. Supp. at 971; *In re Domestic Air Transp. Litig.*, 148 F.R.D. at 355; *Pub. Interest Group of N. J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3rd Cir. 1995).  The market rate applies whether the attorney is in public interest or private practice.  *Mason v. Pierce*, 806 F.2d 1556, 1557-58 (11th Cir. 1987).

**This Circuit recently affirmed the reasonableness of Counsel Weber's customary hourly rate, and Goodmark's hourly rate is consistent with prior fee awards and settlements.** *See M.H. v. Commissioner of Georgia Dept. of Community Health*, No. 15:14227 (11th Cir. July 27, 2016).  *See also* Weber Decl., Ex. C (prior fee awards); Garrett Decl., ¶ 16; Caplan Declaration ¶ 14.

1. Johnson Factors Relevant to Hourly Rate.

As noted above, a review of the factors delineated in *Johnson* is still deemed useful in calculation of a reasonable fee.  *Norman*, 836 F.2d at 1299.  "[T]he district court may wish to consider any of the Johnson factors to the extent that they suggest that comparables offered may not be relevant to the issues before the court or as they may affect the weight to be given to the comparables being offered the court." *Id.* at 1299-1300.  The factors which are most relevant to the reasonableness of a requested hourly rate in this case are discussed below.

a. The Customary Fee.

There is no doubt that the prevailing attorneys' own customary or usual

billing rates are an "appropriate factor to be considered by the court." *Blum v.*

*Stenson*, 465 U.S. 886, 895 (1984).  This Court has described the customary fee as

the "best evidence" of hourly rate.  *Webster Greenthumb*, 112 F.Supp.2d at 1368.

Counsel Weber and Goodmark have numerous prior fee awards in Section 1983

cases in this Circuit and their hourly rates are both consistent with those awards

and the actual hourly rates that they charge fee paying clients.[5]  Weber Decl ¶¶ 2-3

and Ex C (prior fee awards); Goodmark Decl. ¶¶ 2-3.

      b.     <u>Experience, Reputation, and Ability of Attorneys.</u>

The experience, reputation and ability of counsel are set forth in the attached

Declarations, and weigh heavily in favor of their offered hourly rates. Garrett Decl.,

¶ 11; Caplan Declaration ¶ 9.

      c.     <u>The Nature and Length of the Professional Relationship with the</u>
              <u>Client.</u>

The Fifth Circuit has stated that a lawyer "may vary his fee for similar work

in the light of the professional relationship of the client with his office." *Johnson*,

488 F.2d at 719.  This factor does not apply to this case in such a way as to suggest

---

[5] In this case, the relevant legal community is the Northern District.  *Carey v. Rudeseal*, 721 F.Supp. 294, 298 n. 5 (N.D. Ga. 1989) ("'relevant community' for purposes of this fee petition is the Northern District of Georgia"); *Knight v. Alabama*, 824 F.Supp. 1026, 1027 n.1 (N.D. Ala. 1993) ("relevant legal community is the area where the court sits").

reduction of the fees for which Plaintiffs apply.

This factor may, however, be relevant to any comparison between the hourly rates charged by Plaintiff's counsel and those charged by defense counsel in this or similar cases.  As the *Norman* court recognized, "it is not unusual for a law firm representing a governmental entity on an ongoing basis to charge substantially lower hourly rates than would be charged for representation in a single case.  Where the facts show this, the fee charged by a government attorney is simply irrelevant to the establishment of a reasonable hourly rate for a plaintiff's civil rights lawyer." *Norman*, 836 F.2d at 1300; *Brooks*, 997 F.2d 857 ("the hourly rate at which opposing counsel was paid is of little or no relevance").

In sum, rates are reasonable.  *See also* Garrett Decl., ¶ 16; Caplan Declaration ¶ 14.

C.  <u>REASONABLE EXPENSES</u>.

Barrett also seeks an award of expenses.  *Loranger v. Stierheim*, 3 F.3d 356, 363 (11th Cir. 1993), *vacated on other grounds*, 10 F.3d 776 (11th Cir. 1994); *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983) ("all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988."); *Ryder Truck Lines, Inc. v. Goren Equip. Co.*, 576 F.Supp. 1348 (N.D. Ga. 1983).  Plaintiffs'

filing fee and other modest expenses should be approved.

## **CONCLUSION**

For the reasons set forth herein, and upon the record in the case, Plaintiff submits that this request for reasonable attorneys' fees and expenses be granted.

DATED:     This the 13th day of October, 2017.[6]

/s Gerald Weber
Gerald Weber
(Georgia Bar No. 744878)

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107-0391
(404) 522-0507
wgerryweber@gmail.com

*/s/ Craig Goodmark*
Craig Goodmark
Georgia Bar No. 301428

Goodmark Law Firm
One West Court Square
Suite 410
Decatur, Georgia 30030
(404) 719-4848
cgoodmark@gmail.com

---

[6] Counsel certifies that this brief was prepared using Times New Roman pt 14, a font and type approved by the Eleventh Circuit and complies with the page and word limits.

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2017 I electronically filed the

foregoing *Plaintiff's Brief In Support Of Motion For Appellate Attorneys' Fees*

*And Expenses And Transfer Of District Court Fees And Expenses To Lower Court*

and its attachments with the Clerk of Court using the CM/ECF system which will

automatically send e-mail notification of such filing to all attorneys of record:

DATED: This 13th day of October, 2017.

/s Craig Goodmark
Craig Goodmark

## IN THE UNITED STATES COURT OF APPEAL
## FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| _____ | ) | |
| JIM BARRETT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | APPEAL FILE NO.: 16-11952 |
| | ) | |
| WALKER COUNTY SCHOOL | ) | |
| DISTRICT, et al. | ) | |
| _____ | ) | |

## <u>DECLARATION OF CRAIG GOODMARK</u>

Personally appeared, CRAIG GOODMARK, who, states and declares under penalty of perjury as follows:

1. My name is Craig Goodmark.  I am a member of the State Bar of Georgia and an education civil rights attorney.  I have been a practicing attorney in Atlanta, GA  since 1999.  I am legally competent to make this affidavit and have personal knowledge of the facts set forth herein.

2. **<u>Attorney's Experience and Qualifications:</u>**

A.    <u>Schooling.</u>  I graduated _cum laude_ from the University of Florida School of Law in 1998.  In law school served as president of the Association of Public Interest Lawyers, participated in various clinical programs involving public interest litigation, and worked during the summers for the American Civil Liberties Union of Georgia, the Equal Employment Opportunity Commission and the law firm of Nelson, Hill, Lord & Beasley assisting in their general litigation practice.  During law school, I interned for

former Florida Speaker of the House Jon Mills supporting the state constitutional revision commission addressing the constitutional language related to education.  I also worked at the Southern Legal Counsel, a public interest impact litigation group working in Gainesville, Florida.

B.  <u>Employment.</u>  In 1999, I began working for the law firm of Kramer & Thomas, the outside counsel for the Georgia Association of Educators.  My focus was on education law, representing teachers and students with regards to their legal claims against public school systems in Georgia.  I was co-counsel on cases in both federal and state court, and acted as lead counsel in numerous administrative hearings.

In 2000, I moved to the law firm of Zimring, Smith & Billips, a boutique law firm specializing in representation of disabled students with regards to their educational civil rights.  I served as co-counsel in numerous cases in state and federal court.  I have worked on a number of education and special education cases in Georgia since 1999.  This includes as an associate with working on special education cases on a daily basis, and, since that time, associating and/or litigating in the administrative courts and in the federal district courts on specific special education matters.

From 2004 to date, I have worked with and for the Atlanta Legal Aid Society as an education law attorney.  In that role I have managed several education law cases for students in public schools.  I supervised most cases involving public schools at ALAS and have co-counseled in all education related litigation prosecuted by ALAS.  I also maintain a private practice that specializes in the education civil rights of teachers and

students.  I have represented both teachers and students in cases raising claims under both Federal constitutional and stuatory authority.   Over the past ten years I have participated in several cases that assert the civil rights of educators in Georgia.

Further, I have served as consulting attorney for the Office of Child Advocate and the Justice for Children Project of the Supreme Court of Georgia with regarsds to the educational rights of children in foster care.  I have lectured in local and national training programs to attorneys and judges since 2004 on education and special education matters for civil rights cases, and I have lectured to parent groups, parent associates, and other non-lawyer professional associations on educational rights many times.

I am currently on the Advisory Board for the Atlanta Legal Aid Society.  I also serve on the Board of the Council of Parent Attorneys and Advocates (COPAA), a national educational civil rights organizations that serves families and the attorneys that represent them.  I have been named the Advocate of the Year by the State Bar of Georgia's Juvenile Law Committee and was distinguished as an attorney "On the Rise" by the Daily Report in 2012.

C.   Current Cases of Similar Complexity.  Currently, I am representing clients with significant civil rights and First Amendment claims in state administrative proceedings and in federal court.  In the past, I have handled cases comparable to the instant case insofar as I have litigated complex civil rights issues in state administrative court and in federal court.  I have been both lead and co-counsel in complex federal litigation focused on the educational civil rights of students and teachers in public

schools.  I have been associated with counsel on several individual civil rights cases

that have been resolved without litigation.  Significant cases litigated either as lead or

co-counsel include:  *Walker County School District v. Bennett*, 203 F.3d. 1293 (11th

Cir.), *cert denied*, 121 S.Ct. 670 (2000) (procedure for the trial of IDEA cases); *Loren*

*F. ex rel Fisher v. Atlanta Ind. Sch. System*, 349 F.3d 1309 (11th Cir. 2003); *Draper*

*v. Atlanta Indep. School Sys.,* 518 F.3d 1275, 1290 (11th Cir. 2008); *Smith v. City of*

*Atlanta*, 2012 U.S. Dist. LEXIS 52096 (N.D. Ga. Apr. 13, 2012); *Swain v. Valdosta*

*City Sch. Dist.*, 2013 U.S. Dist. LEXIS 16355 (M.D. Ga. Feb. 7, 2013); *D.H. v.*

*Clayton County Sch. Dist.*, 52 F. Supp. 3d 1261 (N.D. Ga. 2014); *Hubbard v.*

*Clayton County School Dist.*, 756 F.3d 1264 (11th Cir. 2014); *Powell v. Valdosta City*

*Sch. Dist.*, 2014 U.S. Dist. LEXIS 157158 (M.D. Ga. Nov. 6, 2014); *Moon v. Brown*,

939 F. Supp. 2d 1329 (M.D. Ga. 2013); *Flanigan's Enters. v. City of Sandy Springs,*

831 F.3d 1342, (11th Cir. 2016).

     3. **Hourly Rate**.  I am requesting my current hourly rate of $425.00 per hour for

this case.  I have billed out at similar hourly rates.  This is the rate I currently charge most

hourly clients as well.  I believe that this rate is reasonable in light of my experience,

qualifications and expertise. Plaintiffs' counsel, in writing, sought and secured consent

from Defendants' counsel to this hourly rate.

     4. **Hours and Expenses.**  The document attached hereto as Exhibit "**B**" is a true and

correct compilation of the contemporaneously made time records I have maintained for

services performed in this case for which I ordinarily and customarily bill. Major

categories of tasks for each time period are identified in the billing summary sheet which is broken down into discreet portions of the litigation (Case intake/Investigation, Complaint, Motion for Preliminary Injunction, Service, Pre-Discovery, Hearing Prep, Mediation, Summary Judgment, Appeal to 11th Cir., post-Argument). These records have already been edited to reduce time entries which seem to me excessive, redundant or inefficient, and in accordance with the exercise of my prudent billing judgment, itemize the time actually spent and the tasks performed. My co-counsel and I took particular care to assign tasks and not duplicate attorney time on tasks. My role on the legal team consisted of factual investigation, day to day management of the factual issues that developed, client management, factual investigation, legal research on complex First Amendment public forum issues, factual research of relevant policies from nearby school districts, drafting required documents for dispositive motions and contributing to responses to the dispositive motions filed by the Defendants, editing of all writings, support for all mediation issues and support for oral argument preparation. I also participated in all court appearances and mediation that required preparation of both the documents and the clients. Finally, I researched and wrote portions of the appellate briefing including the recitation of the facts, the procedural issues raised by Appellants, and the state school law issues related to avenues for Appellee to raise his matters of public concern other than the Board meetings.

It is my opinion that the amounts of billable time and expenses described represent a reasonably frugal use of attorney time and expenses, in light of the issues presented in

this case, its factual posture, and the results achieved.     My co-counsel and I selected the most economical path to resolution by employing a preliminary injunction and later, after court ordered mediation failed, a partial summary judgment that obviated the need to conduct expensive discovery to reach an expedited determination of the facial constitutionality of the policy.

5. **Conclusion.**   I have examined the case files and the hourly time records compiled in this matter against the background of the applicable standards for determination of a reasonable attorneys fee under 42 U.S.C. § 1988. Consistent with the "lodestar" framework for analyzing attorneys' fees claims; the information contained herein, I believe, establishes the reasonableness of the fees and expenses sought.  The opinions expressed in this affidavit are made in accordance with the standards currently applied under 42 U.S.C. § 1988.

DATED: This the 10th day of October, 2017.

So declared under penalty of perjury.

FURTHER DECLARANT SAITH NOT.

*/s Craig Goodmark*

Craig Goodmark

**EXHIBIT B**

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

**Form to Accompany Application for Attorney's Fees**

e

Summary of work performed by (name): Craig Goodmark

Total compensation requested for this person: 68,127 (Appeal/Fee Petition Time Only - trial time on other form)

Hourly rate of compensation requested for this person: $425

This person is an:

☐ attorney   ☐ law student/graduate   ☐ certified paralegal   ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 8.5 |
| Obtaining and reviewing records | 7.3 |
| Legal research | 19.7 |
| Brief writing | 49.9 |
| Preparing for and attending oral argument | 29.9 |
| Other (specify on additional sheets if necessary): | 26.6 - Supplemental Letter Briefing<br>**18.4 - Fee Petition Briefing** |
| Total hours claimed for this person | 160.3 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

**Form to Accompany Application for Attorney's Fees**

Summary of work performed by (name): Craig Goodmark

Total compensation requested for this person: 107,227.50    **Trial Time Only - Appeal time on other form.**

Hourly rate of compensation requested for this person: $425

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 48.6 |
| Obtaining and reviewing records | 36.4 |
| Legal research | 38 |
| Brief writing | 107.8 |
| Preparing for and attending oral argument | |
| Other (specify on additional sheets if necessary): | 21.5 |
| Total hours claimed for this person | 252.3 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

FEES BY TASK

| CASE INTAKE/INVESTIGATION | 10-2014 to 2/24/2015 | 24.5 |
|---|---|---|
| COMPLAINT/MOTION PRELIMINARY INJUNCTION | 2/24/2015 - 3/30/2015 | 37.1 |
| SERVICE/PRE-DISCOVERY/JPPR/PI REPLY BRIEF/HEARING PREP | 4/6/2015 - 6/9/2015 | 68.8 |
| MEDIATION/ SETTLEMENT FOLLOW UP | 9/14/15 to 1/4/2016 | 33.6 |
| SUMMARY JUDGMENT/DISCOVERY RESPONSE | 1/11/2016 to 4/4/2016 | 87.4 |
| APPEAL TO 11th CIR./MEDIATION/BRIEFING | 4/4/2016 to 3/15/2017 | 141.9 |
| POST - ARGUMENT | 3/28/17 to DATE | 46.9 |
| TOTAL | | 440.2 |

NOTE: 11th Cir.Time includes brief, 2 supplemental briefs, attendance at Mediation, oral argument.

Timekeeper = All
Group By Staff Category
Client - Matter = Barrett, J.
Task Code = All
View = Original
From 06-12-2008 To 07-13-2017

## Time Entries

**GLF**

| Date | Status | Approval | Duration |
|------|--------|----------|----------|
| *GAE* | | | |
| **Barrett, J.** | | | |
| **INVESTIGATION** | **10-2014 to 2/24/2015** | | |
| 10-08-2014 | Billed | | 0.800 |
| | Review email from MM re: policy issue; brief research on 1st amendment claims; confer GW re: same; review follow up emails from counsel. | | |
| 10-08-2014 | Billed | | 0.600 |
| | Confer counsel re: potential retaliation; 1st amendment issues; review materials re: TKES. | | |
| 10-20-2014 | Billed | | 0.200 |
| | Call to client re: intake and moving ahead; review reply. | | |
| 10-21-2014 | Billed | | 1.500 |
| | Phone conference with client re: retaliation; TKES, board policy on public comment; draft and send follow up email re: same. | | |
| 11-10-2014 | Billed | | 0.400 |
| | Review client file; call to client, email to client. | | |
| 11-11-2014 | Billed | | 0.600 |
| | Review emails from GAE re: case; call to JB re: retaliation, evaluation issues.  Follow up. | | |
| 11-17-2014 | Billed | | 0.700 |
| | Prepare for and conduct call with client re: 1st Ad; retaliation; TKES. | | |
| 11-20-2014 | Billed | | 1.800 |
| | Begin review client docs; confer counsel re: same. Research retaliation damages issue. | | |
| 11-21-2014 | Billed | | 1.300 |
| | Review client package re: SLO's/Board meetings; email to client re: meeting place/time; continue review TKES info. | | |
| 11-24-2014 | Billed | | 5.500 |
| | Travel to and from Walker County; meeting with client re: 1st Ad, retaliation, TKES. | | |
| 12-01-2014 | Billed | | 0.200 |
| | Email from counsel re: client speech; email reply re: same. | | |
| 12-22-2014 | Billed | | 1.600 |
| | Call from/to client re: superintendent; review policy, prepare memo for client.  Finalize and send. | | |
| 12-29-2014 | Billed | | 0.600 |
| | Review email from client re: meeting request; call/email reply re: same. | | |
| 01-02-2015 | Billed | | 0.800 |
| | Review email from client re: request to speak; confer GW.  Email to client re: same. | | |
| 01-20-2015 | Billed | | 0.400 |
| | Review client memo re: notice; email to client re: same; follow up. | | |
| 01-21-2015 | Billed | | 0.900 |
| | Email/call from client re: notice; review email from Superintendent re: meeting; research policy; review client response. | | |
| 01-28-2015 | Billed | | 0.800 |
| | Call from client; email from/to client re: superintendent meeting; follow up . | | |
| 01-29-2015 | Billed | | 0.600 |
| | Review email from client; confer GW; email reply re: meeting follow up. | | |
| 02-04-2015 | Billed | | 0.800 |

|  |  |  |
|---|---|---|
| | Email from client re: superintendent response; research Board policy; confer GW; call/email reply to client re: moving ahead. | |
| 02-06-2015 | Billed | 0.900 |
| | Review client letter. | |
| 02-09-2015 | Billed | 1.300 |
| | Review email; confer counsel re: same; call/email to client re: meeting today.  Follow up call from client re: results of meeting. | |
| 02-13-2015 | Billed | 1.800 |
| | Meeting with client; review client materials; confer GW re: notice of Board agenda; email to client re: same. | |
| 02-18-2015 | Billed | 0.400 |
| | Review email from client; confer GW re: filing complaint; email reply re: super response and next steps. | |
| SUBTOTAL | | 24.500 |
| COMPLAINT/MOTION PRELIMINARY INJUNCTION | 2/24/2015 - 3/30/2015 | |
| 02-24-2015 | Billed | 5.700 |
| | Draft and edit Complaint. | |
| 02-25-2015 | Billed | 1.000 |
| | Continue drafting, editing complaint; email to GW. | |
| 02-26-2015 | Billed | 2.400 |
| | Review edits from GW; draft additional paragraphs to Cp; review 1st Ad research; call to client re: Cp questions. | |
| 02-27-2015 | Billed | 0.700 |
| | Review letter to Superintendent re: offer to attend meeting; confer GW re: snow issue, next steps; email letter to client with memo re: sending. | |
| 03-02-2015 | Billed | 3.500 |
| | Email/call from client; confer re: complaint; research prior restraint in 11th Cir.; edit complaint; begin outline PI. | |
| 03-03-2015 | Billed | 2.700 |
| | Continue research 11th Cir. public meeting cases; confer GW; begin draft PI. | |
| 03-04-2015 | Billed | 1.300 |
| | Review email from client re: planning session; confer GW re: complaint; email from/to GAE counsel re: filing lawsuit.  Review agenda from 2/17 Board meeting; email reply to client.  Continue drafting PI. | |
| 03-09-2015 | Billed | 5.700 |
| | Continue research and drafting PI; confer GW; send draft; update complaint with facts from client; confer MM re: authorization to file complaint. | |
| 03-11-2015 | Billed | 2.400 |
| | Review prior restraint cases; update PI brief; confer GW re: same.   Follow up with client re: fact check of Complaint; edit complaint; PI. | |
| 03-11-2015 | Billed | 0.800 |
| | Research public comment policies; prepare memo for GW re: neighboring policies. | |
| 03-11-2015 | Billed | 1.300 |
| | Continue edit complaint/PI; confer MM/GW re: filing and confer client. | |
| 03-12-2015 | Billed | 2.300 |
| | Continue edit Complaint; fact check paragraphs; edit and finalize motion and brief. | |
| 03-12-2015 | Billed | 0.800 |
| | Call/email to client re: exhibits for Complaint; email to client re: next Board meeting; filing complaint. | |
| 03-13-2015 | Billed | 5.800 |
| | Finalize all pleadings; edit Complaint; motion; draft Notice of Filing; draft Notice/Waviers; confer client on all exhibits; prepare all exhibits to Complaint; secure verification from client; file all pleadings; copy and serve Notice and Waivers to all D's. | |
| 03-30-2015 | Billed | 0.700 |
| | Draft COIP; edit, finalize and file. | |
| SUBTOTAL | | 37.100 |
| SERVICE/PRE-DISCOVERY/JPPR/PI REPLY BRIEF/PI HEARING PREP | 4/6/2015 - 6/9/2015 | |
| 04-06-2015 | Billed | 0.700 |

Email client re: WCBOE attorney; call to attorney re: lawsuit/waiver; review response and confer GW re: same.

| 04-07-2015 | Billed | 0.200 |

Review email from opposing counsel; email from GW re: waivers.

| 04-13-2015 | Billed | 0.900 |

Email/call to client re: update and strategy for April BOE meeting; confer GW re: same. Follow up with client.

| 04-13-2015 | Billed | 0.300 |

Review waivers; confer GW on filing notice of waiver.

| 04-15-2015 | Billed | 2.100 |

Review emails from client re: complaints; call from client re: meeting strategy; draft, edit and file Notice of Filing Waivers of Service; confer counsel re: meeting issues.

| 04-16-2015 | Billed | 2.300 |

Review emails from client re: grading law; confer MM re: same; research OCGA 20-2-989; draft statement for client re: April 20 meeting; email to client re: same.  Edit and finalize. Call from client re: other speakers at 4/20 meeting.

| 04-16-2015 | Billed | 0.700 |

Call from USDC clerk re: waiver event; email to opposing counsel re: change of waiver date; refile executed waviers.

| 04-20-2015 | Billed | NC |

Review emails from client re: press release, notice of community meeting; review complaint and PI in prep for meeting; call from client re: same.

| 04-21-2015 | Billed | 1.300 |

Draft and edit letter to OC re: settlement; review GW chart and update.

| 04-22-2015 | Billed | 0.700 |

Continue edit settlement letter; confer GW re: same; finalize letter.

| 04-23-2015 | Billed | 0.400 |

Edit, finalize and send letter re: settlement to OC.

| 04-27-2015 | Billed | 0.700 |

Review emails from MM, client; call to client, GAE; follow up with GW re: same.

| 05-06-2015 | Billed | 0.300 |

Review email from client re: meeting outcome; email reply.

| 05-08-2015 | Billed | 0.300 |

Review opposing counsel req for page extension and filings.  Confer GW on OC response.

| 05-08-2015 | Billed | 0.900 |

Review answer/response to PI from D's; email to client re: same.

| 05-12-2015 | Billed | 0.700 |

Call from client re: update on lawsuit; Walker Co. issues with Super and membership.

| 05-13-2015 | Billed | 0.400 |

Email to OC re: extension for reply; continue review response to PI.

| 05-14-2015 | Billed | 0.600 |

Call to OC re: extension; draft, edit and file motion for extension.

| 05-18-2015 | Billed | 1.300 |

Email from OC re: JPPR; call to GW re: same; review D's response to PI, begin review cases on public forum.

| 05-20-2015 | Billed | 0.700 |

Call from client re: retaliation; continue factual research on WCBOE meetings.

| 05-21-2015 | Billed | 1.200 |

Draft JPPR; confer GW re: same.

| 05-22-2015 | Billed | 1.300 |

Edit JPPR; research LR re: timing of filing; email to GW; prepare for and participate in Rule 16 conference.

| 05-26-2015 | Billed | 0.700 |

Edit JPPR; confer GW; send to OC.

| 05-27-2015 | Billed | 3.900 |

Review draft sections of brief; begin drafting SoF; research cases cited by GW, review Perry; confer GW.

| 05-27-2015 | Billed | 0.700 |

Research strict scrutiny in public forum cases.

| 05-29-2015 | Billed | 2.200 |
|---|---|---|
| | Finalize research; continue draft facts for reply brief. | |
| 06-01-2015 | Billed | 1.700 |
| | Continue 11th Cir. first amendment/limited forum cases. | |
| 06-02-2015 | Billed | 3.800 |
| | Continue draft and edit SOF; draft declaration of JB; edit and confer GW re: same. | |
| 06-02-2015 | Billed | 3.500 |
| | Continue research 1st Ad. LPPF and strict scrutiny. | |
| 06-03-2015 | Billed | 2.900 |
| | Edit brief and declaration. | |
| 06-03-2015 | Billed | 0.700 |
| | Continue edit declaration; emails to client re: factual confirmations; research OMA re: requirements for full board action; edit reply brief. | |
| 06-04-2015 | Billed | 1.800 |
| | Continue edit PI reply; confer client re: declaration; continue research Open Meetings Act; update declaration. Call from OC re: ESI; edit ESI language; develop search terms; confer counsel re: same. | |
| 06-05-2015 | Billed | 0.400 |
| | Review email responses from client re: full board meetings.  Update declaration. | |
| 06-08-2015 | Billed | 0.700 |
| | Email from OC re: ESI language for JPPR; draft search terms and confer GW re: same; send to OC. | |
| 06-09-2015 | Billed | 4.000 |
| | Review motion for extension; review COS re: initial disclosures; confer GW re: filing discovery despite stay.  Email to OC re: stay, conference on ESI language; call to OC re: same; begin drafting initial disclosures. | |
| 06-09-2015 | Billed | 1.300 |
| | Continue draft and edit reply brief; email to client re: declaration; edit declaration and follow up with client. | |
| 06-09-2015 | Billed | 3.500 |
| | Continue initial disclosures. | |
| 06-10-2015 | Billed | 4.300 |
| | Finalize brief and exhibits; final brief edit; update declaration and secure signature; continue research cases for limited public forum. File reply brief in support of preliminary injunction. | |
| 06-11-2015 | Billed | 0.700 |
| | Research public fora cases in 11th Cir; review 9th Cir. cases and email GW re: same. | |
| 06-25-2015 | Billed | 0.800 |
| | Call to client re: settlement offer; confer client re: updates and TKES issues; confer counsel re: demand; edit and finalize settlement letter for client review.  Send to client. | |
| 06-29-2015 | Billed | 1.300 |
| | Email to client re: changes to demand letter.  Draft memo re: update on litigation; confer counsel and GAE re: same. | |
| 06-30-2015 | Billed | 0.200 |
| | Review email from client authorizing demand letter; email reply. | |
| 06-30-2015 | Billed | 0.300 |
| | Review TKES for client. | |
| 07-01-2015 | Billed | 1.300 |
| | Review TKES from client re: retaliaton; confer client re: response letter; update demand letter and finalize to send. | |
| 07-08-2015 | Billed | NC |
| | Confer GAE counsel re: media strategy; finalize release; approve for distribution. | |
| 07-30-2015 | Billed | 0.500 |
| | Create subpoena and e-mail to client | |
| 07-30-2015 | Billed | 4.300 |
| | Prepare outline for hearing; call to J. Murphy chambers re: witnesses; call to client re: same. | |
| 07-31-2015 | Billed | 0.400 |
| | Review email from OC; send demand letter to counsel; confer re: direct examination of Plaintiff; cross of superintendent. | |
| 08-03-2015 | Billed | 2.400 |
| | Review changes from counsel; continue prepare direct. | |

| 08-04-2015 | Billed | 0.900 |
|---|---|---|
| | Review email from client; call to counsel; email reply to counsel re: hearing prep.  Review email from OC re: potential settlement; confer counsel re: same.  Send settlement docs to counsel and follow up. | |
| 08-04-2015 | Billed | 0.200 |
| | VM from client; email to client re: update on settlement. | |
| 08-10-2015 | Billed | 0.400 |
| | Review proposed policy changes; confer counsel re: points for negotiation; follow up with counsel re: same. | |
| 08-19-2015 | Billed | 0.300 |
| | File review; follow up to counsel re: settlement; review reply re: meeting of the Board. | |
| 08-27-2015 | Billed | 0.700 |
| | Review response from OC re: settlement; confer counsel; call/email to client re: next steps. | |
| **SUBTOTAL** | | **68.800** |
| **MEDIATION/SETTLEMENT FOLLOW UP** | 9/14/15 to 1/4/2016 | |
| 09-04-2015 | Billed | 0.500 |
| | Review order from court re: scheduling; confer counsel/client re: mediation dates; follow up to court re: same. | |
| 09-09-2015 | Billed | 0.600 |
| | Review order re: mediation; call to counsel; call to client re: same. | |
| 09-14-2015 | Billed | 0.400 |
| | Prepare for and participate in conference call re: settlement. Follow up with GW. | |
| 09-15-2015 | Billed | 1.200 |
| | Edit mediation statement; prepare for filing with Mediator/Magistrate. | |
| 09-16-2015 | Billed | 0.300 |
| | Review request re: mediation by phone; confer counsel and review reply. | |
| 09-17-2015 | Billed | 0.700 |
| | Call from/to client re: update in Walker; review and finalize mediation stmt; file with Court. | |
| 09-18-2015 | Billed | 0.700 |
| | Research Policy BCBIs - download old files and begin checklist of counties to look up. | |
| 09-25-2015 | Billed | 0.700 |
| | Call from client re: PLG's and SBG, other acts of silencing speech.  Call with GAE re: same. | |
| 09-28-2015 | Billed | 0.300 |
| | Review mediation order; send order to client; confer GW re: same. | |
| 09-30-2015 | Billed | 1.200 |
| | Finalize BCBI policies document for mediation including - Bartow, Murray, Paulding, Polk, , update notes, make accessible for court. | |
| 10-02-2015 | Billed | 1.300 |
| | Review and analyze relevant policies for the following City schools districts: Calhoun, Cartersville, Chickamauga, Dalton, and Trion (all located in counties in Rome Division.) | |
| 10-06-2015 | Billed | 0.300 |
| | Review email from client; call to client re: same; confer GW re: update and impact on mediation. | |
| 10-09-2015 | Billed | 0.700 |
| | Mediation prep; review policies and begin table of criteria. | |
| 10-14-2015 | Billed | 2.400 |
| | Mediation prep; review all local policies; prepare memo and table for GW; call/email to client re: mediation prep.  Follow up. | |
| 10-15-2015 | Billed | 1.500 |
| | Mediation prep. | |
| 10-16-2015 | Billed | 11.000 |
| | Mediation in Rome, GA. | |
| 10-19-2015 | Billed | 0.500 |
| | Call/email to client re: settlement term, retaliation issues. | |
| 10-20-2015 | Billed | 0.400 |
| | Call from GAE re: update on mediation; confer counsel re: retaliation, review email from court re: mediation impass. | |

| 10-30-2015 | Billed | 0.700 |
|---|---|---|
| | Review email from counsel re: settlement; call to GW; call client re: same.  Follow up with client on moving ahead. | |
| 11-09-2015 | Billed | 0.400 |
| | Review settlement agreement; check notes from mediation; call from GW re: same. | |
| 11-11-2015 | Billed | 0.600 |
| | Confer counsel re: settlement language; review proposed language for confidentiality; call to GAE re: same; review email to OC. | |
| 11-12-2015 | Billed | 0.700 |
| | Confer GAE re: settlement; review and respond to request for proposed settlement.  Follow up with counsel re: same. | |
| 11-19-2015 | Billed | 0.200 |
| | Review email from OC re: settlement; update to client. | |
| 12-02-2015 | Billed | 0.400 |
| | Review email from OC re: proposed settlement; review attached policies to determine proposed changes. | |
| 12-07-2015 | Billed | 1.800 |
| | Continue review proposals from OC re: policies; request redline versions; call to OC re: versions compared;  review redlines; memo to GW re: changes. | |
| 12-08-2015 | Billed | 1.600 |
| | Finalize memo for GW re: changes; email from/to GW | |
| 12-10-2015 | Billed | 0.300 |
| | Review email from OC to Court; draft and send update to Court re: settlement; email to OC re: same. | |
| 12-11-2015 | Billed | 0.300 |
| | Confer GW re: OC email to Magistrate; draft short email reply re: update and counter proposal. | |
| 12-23-2015 | Billed | 0.400 |
| | Email from OC re: board's rejection of proposal; draft, edit and send email to client re: next steps. | |
| 12-28-2015 | Billed | 1.200 |
| | Confer counsel re: settlement proposal; review post mediation changes from Board; conference with client re: rejection of terms; draft email to OC re: same. | |
| 01-04-2016 | Billed | 0.300 |
| | Email from GW re: meeting dates; email to client re: same; review reply. | |
| **SUBTOTAL** | | **33.600** |
| **SUMMARY JUDGMENT/DISCOVERY RESPONSE** | 1/11/2016 to 4/4/2016 | |
| 01-11-2016 | Billed | 0.800 |
| | Confer GW on potential for settlement; begin SJ prep. | |
| 01-12-2016 | Billed | 1.300 |
| | Begin outline MSJ; review all pleadings and docket; email from client re: update and meeting; email reply re: same.  Begin drafting motion. | |
| 01-13-2016 | Billed | 2.100 |
| | Review email from OC re: settlement; continue drafting SJ pleading; outline and begin drafting SUMF. | |
| 01-14-2016 | Billed | 4.800 |
| | Continue draft SUMF; brief in support of MSJ; review correspondence from OC, Court re: mediation; confer GW re: same. | |
| 01-15-2016 | Billed | 1.800 |
| | Review email/VM from client; call to client re: negotiation.  Continue draft/edit SJ brief. | |
| 01-15-2016 | Billed | 2.300 |
| | Confer GW on scope of brief; edit SUMF and brief; call with client re: negotiations, review emails from OC re: proposed changes; draft notice for client; call to GAE re: same. | |
| 01-19-2016 | Billed | 0.800 |
| | Review update from OC re: settlement; confer GW; reply re: same reporting impasse.  Call with GW re: motion for summary judgment and reporting impasse. | |
| 01-20-2016 | Billed | 2.700 |
| | Review GW edits; research content based language from SCOTUS; edit and update brief. | |
| 01-21-2016 | Billed | 1.000 |
| | Review GW comments;  continue edit brief and motion. | |

| 01-21-2016 | Billed | 7.500 |
| | Call to GAE re: case update; email to MM re: same.  Call from client re: client meeting; prepare for meeting.  Travel to and from meeting in Walker County.  Meeting in Walker County. | |
| 01-22-2016 | Billed | 0.600 |
| | Review GW edits to SJ; confer GAE counsel re: meeting. | |
| 01-25-2016 | Billed | 3.000 |
| | Finalize and file motion for summary judgment and supporting pleadings.  Email all pleadings to client. | |
| 01-26-2016 | Billed | 0.300 |
| | Review order from J. Murphy; confer GW re: MSJ. | |
| 01-29-2016 | Billed | 1.300 |
| | Review motion for extension from OC; review pleadings and research discovery if SJ pending. | |
| 02-01-2016 | Billed | 0.600 |
| | Review and edit motion response; finalize and file. | |
| 02-05-2016 | Billed | 0.400 |
| | Review ECF re: discovery; confer GW re: timing and stay of discovery; confer client re: discovery commence. | |
| 02-08-2016 | Billed | 0.500 |
| | Review discovery requests from OC; email from counsel re: same. | |
| 02-22-2016 | Billed | 3.400 |
| | Complete, edit and revise initial disclosures.  Begin interrog responses. | |
| 02-23-2016 | Billed | 1.000 |
| | Final review of attachments to Disclosures; edit and prepare to file.  File with ECF. | |
| 02-24-2016 | Billed | 1.700 |
| | Call to Plaintiff re: witnesses.  Review D's response to SJ; SUMF, affirmative SJ and objections.  Confer counsel re: same. Continue file review re: interrogs. | |
| 02-29-2016 | Billed | 1.800 |
| | Email to OC re: discovery; call to counsel; research docs/emails; prepare response to First Rogs; begin RTP. | |
| 03-02-2016 | Billed | 1.200 |
| | Continue draft discovery responses; confer GW re: same; follow up with client re: interrogs. | |
| 03-03-2016 | Billed | 1.400 |
| | Review Defendants summary judgment response, motion for SJ; email to OC re: extension; draft mtn and order; finalize and file motion. | |
| 03-03-2016 | Billed | 1.800 |
| | Complete edit of draft discovery responses; review file for documents not produced. | |
| 03-04-2016 | Billed | 0.800 |
| | Call/email to client re: response to request to produce; interrogs.  Confer counsel re: SJ response. | |
| 03-07-2016 | Billed | 2.400 |
| | Email/call to client; call from client re: discovery; finalize and file discovery responses.  Begin responses to DSUMF and review counsel comments on response to SJ. | |
| 03-08-2016 | Billed | 2.800 |
| | Continue response to Defendants SUMF; email to client re: evidence question; call to GW re: same. | |
| 03-09-2016 | Billed | 0.700 |
| | Review SJ response brief from GW; begin drafting facts for brief. | |
| 03-09-2016 | Billed | 2.500 |
| | Continue drafting response SUMF. | |
| 03-10-2016 | Billed | 3.800 |
| | Continue draft Response SUMF; response SJ. | |
| 03-11-2016 | Billed | 0.700 |
| | Review 3d party subpoena; set up call with GAE and GW; research Powell subpoena response; confer GW re: same. | |
| 03-11-2016 | Billed | 0.500 |
| | Review letter from OC re: good faith discovery supplement.  Review response to interrogs. | |
| 03-13-2016 | Billed | 1.000 |
| | Edit briefs; continue edit/drafting SUMF. | |
| 03-14-2016 | Billed | 2.300 |

| | Continue draft/edit PRespose SUMP/Brief; email to client re: update and evidence required. Review fax from GAE re: subpoena. | |
|---|---|---|
| 03-15-2016 | Billed | 4.200 |
| | Continue edit PResponseSUMF; confer client re: affidavit; edit both brief and SUMF; email/call client re: screenshot and questions for affidavit, draft affidavit and send to GW.  Confer JB re: subpoena. | |
| 03-16-2016 | Billed | 3.700 |
| | Email to client re: declaration; edit declaration and finalize.  Review all filings and update citations for PResponseSUMF and SJ brief; confer counsel re: final drafts; prepare all exhibits; finalize and file. | |
| 03-22-2016 | Billed | 1.300 |
| | Draft response to good faith letter; confer GW re: same. | |
| 03-23-2016 | Billed | 0.600 |
| | Call/email to client re: witness issues;  edit letter.  Email to GAE re: updates on litigation; next steps. | |
| 03-24-2016 | Billed | 0.300 |
| | Edit letter; call to client re: confirm witness; finalize and mail letter to OC. | |
| 03-28-2016 | Billed | 0.600 |
| | Review emails re: meeting participation; email to client re: evidence; confer counsel re: updated discovery. | |
| 03-29-2016 | Billed | 1.800 |
| | Review response SUMF; confer GW re: reply brief; review brief and citation issue; read Rowe and confirm cite. | |
| 04-04-2016 | Billed | 0.300 |
| | Call from client re: update; email reply re: same.  Follow up with counsel. | |
| 04-04-2016 | Billed | 1.800 |
| | Review order from Court on SJ; confer counsel re: same, potential for media. | |
| 04-04-2016 | Billed | NC |
| | Review media strategy and press communications; email to counsel re: same. | |
| 04-05-2016 | Billed | 0.300 |
| | Review emails from client, counsel re: Court decision. | |
| 04-06-2016 | Billed | NC |
| | Review all media and reply to media inquiries. | |
| 04-11-2016 | Billed | 0.600 |
| | Review emails from client; call from client re: update and next steps. | |
| 04-11-2016 | Billed | 0.600 |
| | Confer counsel re: deposition dates and claims; call to GAE re: same. | |
| 04-14-2016 | Billed | 0.800 |
| | Email from opposing counsel re: depositions; confer counsel; call to client re: depo and dropping as applied claims. Follow up with counsel. | |
| 04-15-2016 | Billed | 2.400 |
| | Call to opposing counsel re: extension to file attorneys fees; confer counsel re: timing of event; draft, edit and prepare to file motion and proposed order.  File in USDC. | |
| 04-18-2016 | Billed | 0.200 |
| | Review order granting motion; counsel email to client re: dropped claims. | |
| 04-22-2016 | Billed | 1.900 |
| | Review email from OC re: verification; research FRCP and LR re: same; draft verification; confer client re: same.  Finalize and send signed verification to OC. | |
| 04-25-2016 | Billed | 0.800 |
| | Review email from OC re: deposition; calendar all discovery dates; begin research on discovery issue. Email to counsel re: dates available. | |
| 04-26-2016 | Billed | 0.500 |
| | Review notice of appeal; confer counsel re: litigation strategy. | |
| 04-28-2016 | Billed | 1.700 |
| | Review email from OC re: deposition dates; research and send cases to GW re: jurisdiction issue; review OC position and reply. | |
| 04-29-2016 | Billed | 1.400 |
| | Review email from OC re: motion to stay; review consent motion and confer counsel re: same. Call to MM re: discovery issues; call to JB re: same; forward order re: stay to JB. | |

| | | | |
|---|---|---|---|
| Subtotal | | | 87.400 |
| APPEAL TO 11th CIR./MEDIATION/BRIEFING | 4/25/2016 to 3/15/2017 | | |
| 04-29-2016 | Billed | | 0.700 |
| | Review Def. Notice of Appeal and 11th Cir. letter; email to GW re: upcoming deadlines for CIP and NOA. | | |
| 05-02-2016 | Billed | | 1.200 |
| | Review filings in 11th Cir.; confer counsel and prepare NOA; attempt to file in 11th Cir.  Review emails to client; conference call with client re: appeal and process. | | |
| 05-04-2016 | Billed | | NC |
| | Review emails from client re: District investigation; confer counsel re: same; call with client/GAE re: request for interview of client; draft letter to OC re: interview;  web research for policies re: investigation.  Review Open Meetings Act re: appointment of investigator. | | |
| 05-05-2016 | Billed | | 2.100 |
| | Review CIP from Defendants; confer counsel re: same.  Research 11th Cir. rules re: CIP.  Draft CIP and edit for filing.  Review web-based CIP and advise counsel re: same. | | |
| 05-09-2016 | Billed | | NC |
| | Email from JB re: investigation; reply re: same; T/C with client re: response to request to investigate, strategy re: same. | | |
| 05-10-2016 | Billed | | 0.700 |
| | Review appeal filings; confer client re: same. | | |
| 05-12-2016 | Billed | | NC |
| | Draft confirming email to investigator re: moving forward with investigation; confer GW re: same; edit memo and prepare to send.  Send to OC.  Follow up GAE re: same. | | |
| 05-17-2016 | Billed | | NC |
| | Review email from OC; confer client/counsel re: date of investigation; email to client re: same. | | |
| 05-18-2016 | Billed | | NC |
| | Review and respond to email from client re: interview.  Follow up with client re: options for investigation. | | |
| 05-24-2016 | Billed | | NC |
| | Call/email from client re: retaliation; confer counsel; call to client re: same. Email to GAE re: retaliation. | | |
| 05-25-2016 | Billed | | NC |
| | Review email from OC re: investigation; confer counsel/client re: same.  Reply. | | |
| 05-25-2016 | Billed | | 0.400 |
| | Review briefing schedule from 11th Cir.  Calendar briefs and confer counsel. | | |
| 05-26-2016 | Billed | | 0.600 |
| | Review email from client, counsel; send draft response to OC re: investigation; set up call with client re: next steps. | | |
| 05-27-2016 | Billed | | 0.500 |
| | Prepare for and conduct conference call with client. | | |
| 06-06-2016 | Billed | | 5.200 |
| | Review notice of mediation; confer counsel re: dates and mediation statement; complete draft mediation statement.  Read brief of Appellant; confer counsel re: response. | | |
| 06-07-2016 | Billed | | 0.800 |
| | Review edits to mediation statement; finalize letter and send to counsel; confer counsel | | |
| 06-08-2016 | Billed | | 2.300 |
| | Review comments from counsel re: mediation stmt; research prior negotiations ; update statement and prepare to send;  file with 11th Cir. mediator. | | |
| 06-09-2016 | Billed | | 0.600 |
| | Review email letter from mediator; follow up with counsel re: request for extension; review rule and reply to counsel. | | |
| 06-10-2016 | Billed | | 0.800 |
| | Follow up on public forum discussion with GW; begin case review; email from counsel/mediator re: reset of mediation and brief extension. | | |
| 06-13-2016 | Billed | | 0.200 |
| | Review appendix filed by Appellant. | | |
| 07-14-2016 | Billed | | 2.700 |

Research on forum issue; review Order and 11th Cir. Brief; prepare to draft response.

| | | |
|---|---|---|
| 07-15-2016 | Billed | 0.600 |

Email to GW re: issues in response brief.

| | | |
|---|---|---|
| 07-22-2016 | Billed | 2.800 |

Begin draft 11th Cir. Brief (SoC; SoF; jurisdiction).

| | | |
|---|---|---|
| 07-22-2016 | Billed | 1.200 |

Continue 1160 research for brief.

| | | |
|---|---|---|
| 07-25-2016 | Billed | 0.800 |

Continue research/draft brief.

| | | |
|---|---|---|
| 07-26-2016 | Billed | 4.800 |

Complete statement of facts; draft issues; confer GW re: organization of facts.  Review record for additional facts re: discretion.

| | | |
|---|---|---|
| 07-27-2016 | Billed | 0.900 |

Continue draft brief; confer counsel re: organization, open meeting issues.

| | | |
|---|---|---|
| 07-28-2016 | Billed | 3.500 |

Review edits to 11th Cir. brief; continue edit and update brief.

| | | |
|---|---|---|
| 08-01-2016 | Billed | 3.400 |

Continue drafting 11th Cir. Brief; research 989.5.  Email from/to client.

| | | |
|---|---|---|
| 08-02-2016 | Billed | 0.700 |

Continue drafting brief (1160 section).

| | | |
|---|---|---|
| 08-05-2016 | Billed | 3.500 |

Continue drafting brief; edit formatting; confer GW re: next sections.

| | | |
|---|---|---|
| 08-09-2016 | Billed | 1.000 |

Review file in anticipation of mediation; confer GW.

| | | |
|---|---|---|
| 08-10-2016 | Billed | 3.000 |

Prepare for and participate in phone mediation.

| | | |
|---|---|---|
| 08-10-2016 | Billed | 1.000 |

Review email for mediation statement; notice of mediation; call to mediator; email/call to client.

| | | |
|---|---|---|
| 08-15-2016 | Billed | 3.800 |

Continue draft/edit brief.

| | | |
|---|---|---|
| 08-16-2016 | Billed | 1.300 |

Review brief of amicae for GSBA; confer GW re: edits to brief.

| | | |
|---|---|---|
| 08-16-2016 | Billed | 1.700 |

Continue edit briefs; add language to address Fairchild; research filing non-published administrative authority.

| | | |
|---|---|---|
| 08-17-2016 | Billed | 0.800 |

Review order from 11th Cir. re: CIP; review CIP status; prepare and file web-based CIP.

| | | |
|---|---|---|
| 08-18-2016 | Billed | 1.200 |

Continue edit and amend brief; review OC case citations; email to GW re: same.

| | | |
|---|---|---|
| 08-22-2016 | Billed | 7.500 |

Continue drafting, editing, formatting brief.

| | | |
|---|---|---|
| 08-23-2016 | Billed | 6.500 |

Finalize brief; table of contents, citations, brief formatting.  Confer counsel on filing issues; call to clerk.  Continue edits.

| | | |
|---|---|---|
| 08-24-2016 | Billed | 2.700 |

Copy and assemble brief; finalize for filing; file at 11th Cir.

| | | |
|---|---|---|
| 09-21-2016 | Billed | 0.400 |

Review corrected brief filed by Appellants.

| | | |
|---|---|---|
| 10-19-2016 | Billed | 1.300 |

Review order from 11th Cir.  Research letter brief; confer counsel; call to clerk re: length and format.

| | | |
|---|---|---|
| 10-31-2016 | Billed | 6.300 |

Research and begin draft letter brief.

| | | |
|---|---|---|
| 11-01-2016 | Billed | 1.200 |

Continue research re: standing; review Granite State and CAMP.

| | | |
|---|---|---|
| 11-02-2016 | Billed | 1.800 |

Continue review cases re: standing as per 11th Cir. request; confer GW re: same.

| | | |
|---|---|---|
| 11-04-2016 | Billed | 1.200 |

Outline standing/overbreadth section; research overbreadth.

| | | |
|---|---|---|
| 11-07-2016 | Billed | 1.700 |

Review letter brief from Appellant; research case cites; confer GW.

| | | |
|---|---|---|
| 11-09-2016 | Billed | 0.800 |

|  | Review research re: delay in speech. | |
| 11-14-2016 | Billed | 2.700 |
|  | Continue research cases cited by OC; confer counsel re: response. | |
| 11-15-2016 | Billed | 3.500 |
|  | Begin draft letter to 11th Cir. | |
| 11-16-2016 | Billed | 4.600 |
|  | Continue draft brief; confer counsel; continue edits and final drafting. | |
| 11-17-2016 | Billed | 2.400 |
|  | Edit letter brief; review GW edits; continue research timing of speech. | |
| 11-21-2016 | Billed | 4.600 |
|  | Final edits to letter brief; prepare cover and CIP; review email from counsel; call to 11th Cir. re: filing; follow up. | |
| 12-21-2016 | Billed | 0.300 |
|  | Review order re: oral argument; confer counsel re: same. | |
| 01-10-2017 | Billed | 0.300 |
|  | Confer GAE re: oral argument; review order from 11th Cir. | |
| 01-12-2017 | Billed | 0.500 |
|  | Call with Client re: Update | |
| 01-17-2017 | Billed | 0.500 |
|  | Review order from 11th Cir.; call to GAE/counsel re: hearing date. | |
| 02-17-2017 | Billed | 0.900 |
|  | Confer counsel re: notice from 11th Cir. re: oral argument; review request for briefing, issues to brief; Verification and factual record needed for brief. | |
| 02-28-2017 | Billed | 0.300 |
|  | Call from counsel re: update on case; review order from 11th Cir. | |
| 03-02-2017 | Billed | 3.400 |
|  | Draft and edit letter brief.  Confer counsel re: same. Call to court re: filing requirements. | |
| 03-03-2017 | Billed | 1.800 |
|  | Final brief edit; call to court re: paper filing; follow up with counsel. | |
| 03-06-2017 | Billed | 4.500 |
|  | Continue hearing prep; review briefs; begin pulling cases. | |
| 03-07-2017 | Billed | 3.200 |
|  | Confer counsel re: supplemental authority; responsibility for oral argument; begin 28j letter to 11th Cir. re: Surita. Email to counsel to schedule moot for argument. | |
| 03-08-2017 | Billed | 3.700 |
|  | Continue hearing prep; call 11th Cir. re: panel; research panel and draft memo for counsel; review panel decisions for 1st Ad. cases. | |
| 03-10-2017 | Billed | 4.800 |
|  | Oral argument prep meeting with GW; outline and highlight all cases; review school law cases; organize case notebook. | |
| 03-12-2017 | Billed | 1.800 |
|  | Oral Argument notebook prep. | |
| 03-13-2017 | Billed | 6.200 |
|  | Continue preparation for oral argument - moot prep; review Ap'ant supp. auth. response; prepare school law section. | |
| 03-14-2017 | Billed | 6.200 |
|  | Prepare for moot; copy policies and statutes for school law argument; moot with CW/DW and GW.  Review notes following.  Continue review Fairchild issue. | |
| 03-15-2017 | Billed | 4.500 |
|  | Final prep; appear at 11th Cir.; follow up meeting with client.  Email to GAE re: argument. | |
|  | | |
| SUBTOTAL | | 146.900 |
|  | | |
| POST - ARGUMENT | 3/28/17 to DATE | |
| 03-28-2017 | Billed | 0.800 |
|  | Call from client re: retaliation. | |
| 04-06-2017 | Billed | 0.300 |
|  | Email/call from client; reply re: meeting with supervisor. | |
| 04-10-2017 | Billed | 0.900 |
|  | Email from GAE counsel re: TEMS; research statute re: TKES procedures; call to client. | |

| 04-11-2017 | Billed | 1.300 |
|---|---|---|
| | Call with client; draft language for meeting with supervisor; follow up with client re: retaliation issues. | |
| 04-12-2017 | Billed | 0.800 |
| | Confer counsel re: fee petition; draft letter to experts; follow up with GW. | |
| 04-18-2017 | Billed | 1.700 |
| | Review petition and calls to experts; begin draft CLG portion of petition. | |
| 04-27-2017 | Billed | 1.300 |
| | Call/email from client; review TKES procedures; counsel client re: summative meeting; follow up email re: same. | |
| 05-01-2017 | Billed | 0.500 |
| | Review fee petition language; follow up with experts for affidavits; review reply. | |
| 05-01-2017 | Billed | 0.700 |
| | Email from/to client; call to client re: TKES meeting. | |
| 05-03-2017 | Billed | 1.300 |
| | Call from client re: harassment; meeting.  Email from/to re: same. | |
| 05-04-2017 | Billed | 0.800 |
| | Call from client; review TKES response from JB; follow up with client re: same. | |
| 05-11-2017 | Billed | 2.300 |
| | Email to client re: retaliation, timing of TKES response; call to GAE; begin review response to ORR.  Email from expert re: fee petition affidavit. | |
| 05-15-2017 | Billed | 1.800 |
| | Continue review TKES; call with client re: same; research TKES procedures as per client; continue review ORR response. | |
| 05-16-2017 | Billed | 1.600 |
| | Continue review TKES platform; call/email from client re: new incident; review audio of meeting; review policies on TKES. | |
| 05-17-2017 | Billed | 0.300 |
| | Follow up with client re: meetings, harassment. | |
| 05-19-2017 | Billed | 0.300 |
| | Call with GAE re: client issues. | |
| 05-22-2017 | Billed | 0.700 |
| | Review client statement re: incident; edit statement and send to client. | |
| 05-24-2017 | Billed | 4.300 |
| | Prepare for meeting with client; client meeting re: personnel file; potential retaliation case. | |
| 06-01-2017 | Billed | 1.700 |
| | Finalize letter to opposing counsel re: retaliation; confer GW re: same; confer client, prepare to file and send. | |
| 6/6/17 | Billed | 0.700 |
| | Review letter from OC re: retaliation; confer counsel re: same, follow up. | |
| 06-08-2017 | Billed | 0.400 |
| | Email from/to client re: retaliation correspondence. | |
| 06-12-2017 | Billed | 0.600 |
| | Review fee petition; confer experts re: declaration. | |
| 06-22-2017 | Billed | 3.400 |
| | Edit petition; confer counsel; finalize declaration for CLG and expert; review GW edits and update. | |

| SUBTOTAL | | 28.500 |
|---|---|---|
| | **Sub Total** | **421.800** |

| FEE PETITION WORK | | |
|---|---|---|
| 06-22-2017 | Billed | 3.400 |
| | Edit petition; confer counsel; finalize declaration for CLG and expert; review GW edits and update. | |
| 07-11-2017 | Billed | 1.600 |
| | Emails to experts re: fee affidavits; edit and send affidavit to AG; confer MC re: same. | |
| 07-12-2017 | Billed | 1.700 |
| | Email from MC re: affidavit; begin drafting fee affidavit for MC.  Edit declaration for CLG; update billing summary for affidavit. | |
| 07-17-2017 | Billed | 0.300 |
| | Email to expert re: fee issue. | |
| 07-21-2017 | Billed | 2.300 |
| | Complete fee petition and CLG affidavit; email to expert re: same; prepare full billing summary. | |
| 07-24-2017 | Billed | 0.800 |
| | Review First Amendment case from 11th Cir.; confer GW re: same. | |

| 10-03-2017 | Approved | 1.800 |
| | Emails from GW; read and review 11th Cir. Order; email to GW re: next steps. | |
| 10-04-2017 | Approved | 1.500 |
| | Review and edit fee petition; review fee rules; send fee form to GW; confer GW on petition.  Update petition. | |
| 8-Oct | Continue fee petition forms; calculate time; finalize and send to GW. | 5 |

| | 18.400 |
| | 440.200 |

IN THE UNITED STATES COURT OF APEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| BARRETT,           ) | |
|           Plaintiff           ) | |
|     v.           ) | |
|           ) | APPEAL |
| WALKER COUNTY SCHOOL DISTRICT, ) | FILE NO. 16-11952 |
| et. al.,           ) | |
|           Defendants.           ) | |
|           ) | |
|           ) | |
|           ) | |
|           ) | |

## <u>DECLARATION OF GERALD WEBER</u>

Personally appeared. GERALD WEBER, who, states and declares under penalty of perjury as follows:

1. My name is Gerald Weber.  I am a member of the State Bar of Georgia, Senior Staff Counsel for the Southern Center for Human Rights, a part-time private practitioner in constitutional litigation and an Adjunct Professor of Constitutional Litigation at the Emory University School of Law and First Amendment Law and Media Law at Georgia State University College of Law.  I also served for 17 years as Legal Director of the American Civil Liberties Union of Georgia.  I am legally competent to make this affidavit and have personal knowledge of the facts set forth herein.

2. **Attorney's Experience and Qualifications:**

    A.   <u>Schooling.</u>  In 1989, I graduated from the University of Georgia School of Law.  In law school, I placed first in my graduating class and graduated *summa cum laude.*  I served as the Symposium Editor for the *Georgia Law Review*, was a member of the Order of Coif, participated in various clinical programs involving public interest litigation, and worked during the summers for then Georgia State Court Judge Thelma Wyatt Cummings and the law firm of Dow, Lohnes and Albertson assisting in Constitutional litigation.

    B.   <u>Employment.</u>  Upon graduation in 1989, I became a law clerk for the Honorable Chief Judge Carolyn Dineen King of the United States Court of Appeals for the Fifth Circuit.  Then, upon completion of my year with Judge King, I began working for the law firm of Dow, Lohnes and Albertson in its Atlanta, Georgia office.  My focus was constitutional litigation and open records cases for media clients.  I was lead counsel or co-counsel on numerous cases in both federal and state court including the United States Court of Appeals for the Eleventh Circuit and Georgia Supreme Court.

       In 1991, I became Legal Director of the American Civil Liberties Union of Georgia (ACLU). I served in that capacity for seventeen (17) years.  I have served as lead counsel in numerous cases in state and federal court, including the Eleventh

Circuit and Georgia Supreme Court, involving significant Constitutional issues. <u>See</u> Exhibit D (Significant Cases Litigated).

I currently have a private practice centering on constitutional litigation, and serve as Senior Staff Counsel for the Southern Center for Human Rights in Atlanta. I am also an Adjunct Professor and a Clinical Supervisor at Emory School of Law, an Adjunct Professor at Georgia State University School of Law.  I am a frequent lecturer at other law schools and at continuing legal education programs including the annual State Bar Conference, Bar/Media Conference, and Section 1983 Seminar. Within the State Bar of Georgia, I was elected to serve as Chairperson of the Individual Rights Section and served as Chair of the State Bar's Access to Justice Committee.  I also serve on the Board of Directors of the Georgia First Amendment Foundation, and was a Barrister of the Joseph Henry Lumpkin Inn of Court.  <u>See also</u> <u>Twenty-One Young Lawyers Leading Us Into The 21st Century: Gerry Weber</u>, 22 *American Bar Association Barrister Magazine* 27 (Summer 1995); <u>Top Forty Georgian's Under Forty: Gerry Weber</u>, *Georgia Trend Magazine* (Oct. 1997); <u>Taking on Goliath: Profile Gerry Weber</u>, *Atlanta Business Chronicle* (June 2001).

C.   <u>Current Cases of Similar Complexity.</u>  I have routinely handled cases comparable to the instant case, and have drafted fee applications frequently. A summary of significant decisions is attached hereto as Exhibit "**D**".

3. **<u>Hourly Rate</u>**.  I am requesting my current hourly rate of $520.00 per hour for this case.  This is the 2017 rate I currently use for hourly paying clients in constitutional cases statewide.  About one-third of my Section 1983 cases are for clients paying a full hourly rate (between $500-$525), and for those cases in the full hourly rate category, I have been payed at that rate.

In my years of practice, I have billed out at similar hourly rates and been awarded similar hourly rates in dozens of statutory attorney fee cases by judges across the state.  I believe that this rate is reasonable in light of my experience, qualifications and expertise. Attached hereto as Exhibit "**C**" is a list of my previous fee awards and settlements under 42 U.S.C. § 1988 and comparable statutes. In judicial orders and settlements, I have historically been awarded at my full hourly rate. **My most recent fee order from this Court was: <u>M.H. v. Commissioner of Georgia Dept. of Community Health</u>, No. 15:14227 (11TH Cir. July 27, 2016) (Order Affirming grant of fees at $520/hour and 100% of fees awarded)**.

4. **<u>Hours and Expenses.</u>** The document attached hereto as Exhibit "**A**" is a true and correct summary of fees and expenses incurred by me in this case to date.  The document attached hereto as Exhibit "**B**" is a true and correct compilation of the

contemporaneously made time records I have maintained for services performed in this case for which I ordinarily and customarily bill. These records have been edited to reduce time entries which seem to me excessive, redundant or inefficient, and in accordance with the exercise of my prudent billing judgment, itemize the time actually spent and the tasks performed.  They represent a specific division of labor with co-counsel.  It is my opinion that the amounts of billable time and expenses described represent a reasonably frugal use of attorney time and expenses, in light of the issues presented in this case, its factual posture, and the results achieved.

Also significant, are the decade-plus of judicial orders and settlements, where I have historically been awarded for nearly all hours expended.  Most fee awards have been for at or near 100% of the hours requested.  My work has historically been determined by both courts and opposing counsel to be frugal, reasonable and compensable.  See Exhibit "**C**"

5. **Conclusion.**  I have examined the case files and the hourly time records compiled in this matter against the background of the applicable standards for determination of a reasonable attorneys fee under 42 U.S.C. § 1988. Consistent with the "lodestar" framework for analyzing attorneys fees claims; the information contained herein, I believe, establishes the reasonableness of the fees and expenses sought.  The opinions expressed in this affidavit are made in accordance with the

standards currently applied under 42 U.S.C. § 1988.  So declared under penalty of

perjury.

DATED: October 10, 2017.

FURTHER AFFIANT SAITH NOT.

/s Gerald Weber

_____

Gerald Weber

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Gerald Weber

Total compensation requested for this person: 133.7

Hourly rate of compensation requested for this person: $520 (awarded previously be 11th Cir)

This person is an:

☒ attorney   ☐ law student/graduate   ☐ certified paralegal   ☐ other:

| Category | Total Hours |
|---|---|
| Interviews and conferences | 4.9 |
| Obtaining and reviewing records | 7.1 |
| Legal research | 30.9 |
| Brief writing | 54.9 |
| Preparing for and attending oral argument | 23.0 |
| Other (specify on additional sheets if necessary): | 2.9 (Miscellaneous) and 10.0 (Mediation) |
| Total hours claimed for this person | 133.7 |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Form to Accompany Application for Attorney's Fees

Summary of work performed by (name): Gerald Weber

Total compensation requested for this person: 164.1 (Trial Court only-appeal hours on other page)

Hourly rate of compensation requested for this person: $520/hour (awarded previously by 11th Cir)

This person is an:

☒ attorney    ☐ law student/graduate    ☐ certified paralegal    ☐ other:_____

| Category | Total Hours |
|---|---|
| Interviews and conferences | 13.9 |
| Obtaining and reviewing records | 6.6 |
| Legal research | 43.4 |
| Brief writing | 52.3 |
| Preparing for and attending oral argument | 0 |
| Other (specify on additional sheets if necessary): | 37.9 (Settlement/Mediation) |
| Total hours claimed for this person | 164.1 (trial court only) |

*Instructions: on the applicable lines, enter the total time spent in each category. A separate form must be completed for each person for whom time is claimed. Attach contemporaneous time records reflecting all hours listed and indicating the dates on which the work was performed. An affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate(s) requested must also accompany the application.*

Rev.: 1/03

## Exhibit A
### SUMMARY OF ATTORNEY HOURS AND EXPENSES

Re:  Barrett v. Walker Cty Sch. Dist

---

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Gerald Weber(Trial Court) | 164.1 | $520.00 | $ 85,332.00 |
| (Appeal) | 133.7** | $520.00 | $ 69,524.00 |
| | | | $154,856.00 |

Expenses:
```
     Filing Fee                                  $     00.00
     Service Fee                                 $     00.00
     Copies (x .25)                              $     00.00
     Postage                                     $     00.00

Expenses Subtotal ................................  $     00.00
```

* Many emails and telephone conferences not entered.  Specific
additional time reductions are indicated on each entry.

** 3.9 hours of this time deal with a retaliation investigation
that may be considered trail court time, though it occurred during
the appeal.

**Payable to:**
**Gerald Weber**
**Post Office Box 5391**
**Atlanta, Georgia 31107**

**EXHIBIT B**
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re:  <u>Barrett v. Walker Cty Sch. Dist</u>

----------------------------------------------------------------

| Date | Task | Hours |
|------|------|-------|
| 11/14/14 | Travel to/from meet | 3.2 |
| | Meet w/ client CG | 2.3 |
| 12/18/14 | Emails re claims | 0.2 |
| 12/19/14 | Tel Conf CG/client | 0.2 |
| 01/02/15 | Edit Email to Superintendent | 0.4 |
| 01/28/15 | Tel Conf CG/emails re response sup | 0.3 |
| 02/09/15 | Emails/Revise Ltr | 0.4 |
| 02/26/15 | Review/Revise Complaint | 2.8 |
| | Further revisions draft #2 | 0.8 |
| | Tel Conf CG | 0.4 |
| | Spontaneous Speech Research | 1.1 |
| 02/27/15 | Draft Response re ltr/emails | 0.4 |
| 03/03/15 | research re claims | 1.6 |
| | Tel Conf/emails CG | 0.5 |
| 03/04/15 | Emails and revise complaint | 0.4 |
| 03/07/15 | Emails re Complaint | 0.2 |
| 03/10/15 | Revise Complaint | 1.7 |
| | Research/Revise PI Brief | 2.9 |
| 03/11/15 | Revise Complaint | 1.1 |
| | Research/Revise PI Brief | 3.9 |
| | Tel Conf CG | 0.3 |
| | Emails/revisions PI Brief | 0.8 |
| | Draft PI motion | 0.4 |
| 03/12/15 | Final Revisions PI/Complaint *2.9 | 1.1 |
| | Revise Release | 0.2 |
| | Tel Cofn CG | 0.2 |
| | Final review all filings | 1.3 |
| 03/13/15 | Emails/calls client CG re changes | 0.4 |
| 03/16/15 | Review Final Filings | 0.3 |
| 03/19/15 | Tel Conf Reporter/email | 0.3 |
| 03/20/15 | Tel Conf CG | 0.1 |
| 03/23/15 | Tel Conf press       *0.2 | 0.0 |
| 03/27/15 | Emails re press      *0.0 | 0.1 30.0 |

EXHIBIT B
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re: <u>Barrett v. Walker Cty Sch. Dist</u>

---------------------------------------------------------------
<u>Date</u>            <u>Task</u>                               <u>Hours</u>

03/27/15        Emails/calls CG re retaliation     0.3
03/30/15        Tel Conf re facts                  0.2
                Emails re cert int persons         0.1
04/07/15        Emails re service                  0.2
04/13/15        Emails/Tel Conf CG re meet/service 0.3
04/16/15        Emails re service, review filing   0.2
                Review/Revise release              0.4
04/17/15        Draft Leave                        0.1
04/20/15        Emails/calls reporter/CG
                And review revised release *1.1    0.6
04/21/15        Revise Settlement Chart/emails
                Re letter to d counsel             0.6
04/22/15        Review/Revise Settlement Letter    1.1
05/08/15        Emails D Counsel/review draft ext  0.4
                Review Answers x 3                 2.7
                Emails w/ client                   0.1
05/14/15        Emails/review exttension           0.2
05/15/15        Review D Response PI               1.9
                Research/Draft Reply PI            3.6
05/21/15        Research/Draft Reply PI            2.5
05/22/15        Tel Conf Rule 16/emails            0.8
05/22/15        Review/Revise Plan Report          0.5
05/25/15        Research Draft PI brief            3.6
05/26/15        Research/draft standing/policy secs 2.2
                Research/Draft 1st Am sections    2.4
                Review/revise Joint plan           0.2
05/27/15        Research/Revise Brief *4.7         3.9 29.1

EXHIBIT B
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re:  Barrett v. Walker Cty Sch. Dist

--------------------------------------------------------------

| Date | Task | Hours |
|------|------|-------|
| 05/28/15 | Draft Settlement Letter | 1.2 |
| 05/29/15 | Revise Settlement Letter | 0.5 |
| 06/06/15 | Tel Conf/review emails/revise brf | 2.2 |
| 06/09/15 | Tel Conf CG/final revisions decl | |
| | And brief | 3.1 |
| 06/11/15 | Review Filings Extend Plan/Stay | 0.7 |
| 06/23/15 | Order re hearign/emails/tel conf CG | 0.6 |
| 06/26/15 | Revise Settlement Demand/emails | 0.5 |
| 06/29/15 | Emails re release/hearing | 0.2 |
| 07/09/15 | Emails re updates | 0.2 |
| 07/30/15 | Tel Conf CG | 0.2 |
| 07/31/15 | Trail Prep | 2.9 |
| 08/03/15 | Emails re settle | 0.4 |
| | Revise Barrett Direct | 1.1 |
| 08/04/15 | Emails re settle | 0.3 |
| | Revise settlement ltr | 0.2 |
| | Tel Confs client | 0.9 |
| | Tel Conf D Counsel/emails | 0.7 |
| 08/05/15 | Review Order/emails | 0.4 |
| 08/06/15 | Tel Conf w/ client/emails | 0.3 |
| 08/07/15 | Research/draft new policy | 1.3 |
| 08/10/15 | Draft new policy | 1.6 |
| | Emails re Gordon Cty | 0.1 |
| | Emails and call CG re policy | 0.3 |
| 08/19/15 | Emails re settle w/ D | 0.2  20.1 |

EXHIBIT B
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re:  Barrett v. Walker Cty Sch. Dist

---------------------------------------------------------------
Date                Task                               Hours

08/27/15    Emails re settle proposal          0.5
09/01/15    Draft joint notice Settle/Trial
            And emails re same                 0.5
09/03/15    Order Court/Tel Conf CG            0.3
09/04/15    Emails w/ court/counsel            0.3
09/10/15    Review Order re mediation/emails   0.6
09/11/15    Emails w/ d re settle              0.2
09/14/15    Draft Mediation Statement          1.6
            Tel Conf D counsel re settle       0.3
            Revise Mediation stmnt/tel conf CG 0.4
09/15/15    Finalize mediation Stmnt           0.3
09/18/15    Emails re developments             0.2
10/09/15    Tel Conf CG re mediation and
            Review policies                    0.9
10/15/15    Mediation Prep/Emails              1.1
10/16/15    Travel Time Mediation              4.7
            Meet client/CG pre-mediation       0.9
            Mediation                          5.9
            Meet CG post mediation             0.4
10/19/15    Revise timesheets/emails court     0.4
            Emails w/ Ds re policy             0.1
            Tel Conf CG re right speak/time    0.3
10/20/15    Tel Conf GAE/emails D              0.2
10/29/15    Tel Calls re mediation
            W/ judge/client/co-counsel         0.6
11/06/15    Emails/revise Settlement           0.9 21.6

EXHIBIT B
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re:  Barrett v. Walker Cty Sch. Dist
---------------------------------------------------------------

| Date | Task | Hours |
|------|------|-------|
| 11/09/15 | Emails/call re settlement | 0.1 |
| 11/19/15 | Emails D counsel re settle | 0.1 |
| 12/02/15 | Emails/review new revisions policy By Ds post mediation agreement | 0.3 |
| 12/02/15 | Emails/review new revisions policy By Ds post mediation agreement | 0.3 |
| 12/03/15 | Emails new revisions policy By Ds post mediation agreement | 0.1 |
| 12/07/15 | Review redlined new revisions policy By Ds post mediation agreement | 0.5 |
| 12/08/15 | Emails new revisions policy By Ds post mediation agreement | 0.1 |
| 12/09/15 | Emails new revisions policy By Ds post mediation agreement | 0.1 |
| 12/10/15 | Emails new revisions policy By Ds post mediation agreement | 0.3 |
| 12/22/15 | Tel Conf GG new revisions policy By Ds post mediation agreement | 0.3 |
| 12/10/15 | Emails new revisions policy By Ds post mediation agreement | 0.1 |
| 12/27/15 | Revise Policy and Procedure | 1.1 |
| 12/28/15 | Meet CG re policy revisions/ tel conf client re settle | 1.4 |
| 01/14/16 | Emails re settle/Meet&Tel Conf CG Review other policies | 1.6 |
| 01/15/16 | Review D counsel comments, draft Responses/email re policies to D | 0.9 |
| 01/19/16 | Emails w/ mediator/Tel Conf CG | 0.4 |
| 01/20/16 | Revise SJ Brief and Motion Second round revisions | 3.7 1.4 |
| 01/21/16 | Travel to/from client meet Prep/Meet client group | 6.1 1.8 |
| 01/22/16 | Final revisions brief and motion | 0.9 |
| 01/24/16 | Revise SUMF *3.5 | 1.2 |
| 01/26/16 | Review filings/review order PI Emails CG and D counsel | 0.4 0.2 |
| 02/01/16 | Review D extend disc Research/Draft response Emails re same/tel conf CG Tel Conf court re same | 0.2 0.8 0.2 0.1 |
| 02/03/16 | Review D Reply Extend | 0.4 |
| 02/04/16 | Review Order Extend/emails same | 0.3 24.7 |

EXHIBIT B
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re:  Barrett v. Walker Cty Sch. Dist

---------------------------------------------------------------

| Date | Task | Hours | |
|------|------|-------|---|
| 02/22/16 | Review D Discovery | 1.5 | |
| | Revise Initial Discl | 0.4 | |
| 02/25/16 | Review D S/J, Response P S/J | | |
| | Affs etc. | 3.4 | |
| | Emails CG re same | 0.1 | |
| 03/02/16 | Meet CG re S/J and discovery | 0.4 | |
| 03/03/16 | Tel Conf/emails CG re S/J | 0.3 | |
| 03/04/16 | Research/Draft Response S S/J | 2.7 | |
| 03/07/16 | Revise Discovery Response/Tel | | |
| | Conf CG re same | 0.5 | |
| 03/08/16 | Research/Draft S/J brief resp | 4.2 | |
| | Tel Conf CG/emails re same | 0.4 | |
| 03/09/16 | Research/Draft Reply Brief | 4.4 | |
| | Draft Reply brief/added research | | |
| | On public fora and D's cases | 2.9 | |
| 03/10/16 | Revisions/Edits of Brief | 0.6 | |
| 03/11/16 | Emails and review subpoena GAE | 0.5 | |
| | Review filing in similar case | | |
| | Re GAE | 0.4 | |
| | Tel Conf re same | 0.2 | |
| | Revise Stnt Facts | 3.3 | |
| | Revise Brief facts section and | | |
| | Special meeting | 0.8 | |
| 03/14/16 | Meet CG re reply | 0.2 | |
| | Final Revisions SUMF and reply brf | 1.6 | |
| 03/15/16 | Tel Conf CG/emails re final | 0.3 | |
| 03/16/16 | Final review/emails re filing | | |
| | Revise Aff | 1.2 | |
| 03/22/16 | Review/Revise good faith ltr | 0.2 | |
| 03/24/16 | Final revisions good faith ltr | 0.1 | |
| 03/29/16 | Review D Reply Brief and SUMF Reply | 1.1 | |
| | Research/Draft Correction | | |
| | SJ Reply *1.3 | 0.5 | |
| 04/04/16 | Review Order | 1.5 | |
| | Email client | 0.3 | 34.0 |

EXHIBIT B
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re:  Barrett v. Walker Cty Sch. Dist

---------------------------------------------------------------
Date              Task                                      Hours

04/05/16          Emails w/ client                          0.2
                  Tel Conf Media re case   0.4*             0.0
                  Revise Press Release /emails  0.5*        0.0
04/06/16          Emails re press 0.5*                      0.0
                  WXIA interview 0.4*                        0.0
04/07/16          Emails w/ client                          0.4
04/12/16          Tel Conf CG re strategy                   0.3
04/14/16          Tel Conf Client/CG re depo/claims
                  And strategy                              0.6
                  Research re prelim fee                    0.1
04/15/16          Tel Conf GC/emails/revise fee ext        0.6
04/18/16          Email client re strategy decisions       0.3
                  Review order re extend fees               0.1
04/20/16          Emails re jury vs bench trial
                  With various attorneys                    0.7
04/22/16          Emails re Barrett depo                    0.1
04/25/16          Emails redepos/client/trial               0.3
04/26/16          Review Appeals Docs/emails re same       0.5
                  Emails re depo w/ D counsel               0.1
                  Emails re strategy/tel conf re same      0.3 4.6

EXHIBIT B
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re:  Barrett v. Walker Cty Sch. Dist: **Appellate Fees**

---------------------------------------------------------------

| Date | Task | Hours |
|------|------|-------|
| 04/28/16 | Tel Conf CG re appeal | 0.2 |
| 04/29/16 | Emails re depo/stay | 0.2 |
| 05/02/16 | Review Appeal Filings | 0.5 |
| | Draft/File Appearance | 0.3 |
| | Emails re appeal | 0.2 |
| | Review Stay filings | 0.3 |
| | Tel Conf client re appeal | 0.5 |
| 05/03/16 | Emails re retaliation issue | 0.1* |
| 05/04/16 | Emails re retaliation | 0.1* |
| | Tel Conf CG re same | 0.1* |
| | Tel Confs Barrett/CG and review | |
| | Letter re retaliation investigation | 0.6* |
| | Review/Revise Ltr to atty re | |
| | Retaliation investigation | 0.3* |
| | Tel Conf GAE re investigation | 0.2* |
| 05/05/16 | Review Audio re Super | 0.2* |
| | Tel Conf CG and emails re investig | 0.3* |
| | Review D Cert Int Pers/email CG | 0.2 |
| | Revise/File amend cert int person | 0.2 |
| 05/06/16 | Tel Conf counsel sch re retaliation | |
| | And folowup tel cofn CG | 0.5* |
| 05/09/16 | Tel Conf client re retaliation | 0.3 |
| 05/10/16 | Review Civil Appeal Stmnt and | |
| | Other appeal filed docs | 0.8 |
| 05/25/16 | Emails re investigation | |
| | And resp client re same | 0.3* |
| 05/26/16 | Emails client re retailiation inv | 0.2* |
| 05/27/16 | Emails client re call | 0.2* |
| | Tel Confs re retaliation investig | |
| | Client and CG/draft questions for | |
| | GAE survey re same | 0.8* |
| 06/06/16 | Emails re mediation | 0.2 |
| | Emails re settlement offers | 0.1 |
| 06/07/16 | Review/Revise Mediations Stmnt | 0.7 |
| | Calls court re mediation | 0.2 |
| | Review extension procedure 11th | 0.2 |
| | Review D Appeal Brief | 3.1 |
| 06/08/16 | Emails re mediation dates | 0.2 |
| | Draft extension mediation/resched | 0.3 |
| 06/09/16 | Tel Conf mediator and CG | 0.3 |
| | Draft extension briefing ltr | 0.3  13.2 |

EXHIBIT B
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re:  Barrett v. Walker Cty Sch. Dist: **Appellate Fees**

---------------------------------------------------------------

| Date | Task | Hours |
|------|------|-------|
| 06/10/16 | Emails w/ mediation office | 0.2 |
| | Research Law Reviews re limited PF Stnd | 2.3 |
| 07/15/16 | Tel Conf CG/review brief re dividing tasks | 0.9 |
| 07/18/16 | Research/Draft Appellee Brief - Unbridled discretion | 4.3 |
| 07/22/16 | Research/Draft fora test section | 5.4 |
| 07/25/16 | Review case file | 1.5 |
| | Review order | 0.9 |
| 07/26/16 | Research lew reviews and cases Stnd for limited public fora | 3.6 |
| | Revise Brief | 1.1 |
| 07/27/16 | Tel Confs CG re brief | 0.4 |
| | Research/draft content/viewpoint | 2.4 |
| | Revise Brief | 0.8 |
| 07/28/16 | Review/Revise preliminary sections Facts and proceural posture | 3.9 |
| 08/08/16 | Emails client re mediation | 0.1 |
| | Revise Brief reasonable/strict | 1.2 |
| 08/09/16 | Revise Brief same section/content | 1.3 |
| 08/10/16 | Travel to/from | 0.5 |
| | Mediation w/ client | 2.5 |
| 08/15/16 | Research re new cases | 2.1 |
| | Revise Brief | 0.9 |
| | Research re Fairchild distinguish And draft section | 1.4 |
| 08/16/16 | Tel Conf CG re brief | 0.3 |
| | Research/draft narrow tailor and Other inj sections | 2.8 |
| 08/17/16 | CIP filing | 0.9 |
| | Tel Confs re strategy/briefing | 0.7 |
| | Research cases cited by Ds | 0.8 |
| 08/22/16 | Tel Conf CG re strategy/brief | 0.2 |
| 08/23/16 | Final Edits Brief | 2.4 |
| | Tel Conf CG re issues on brief | 0.3 |
| | Final review and filing | 0.9  47.0 |

EXHIBIT B
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**


Re:  <u>Barrett v. Walker Cty Sch. Dist</u>: **Appellate Fees**


--------------------------------------------------------------
<u>Date</u>              <u>Task</u>                              <u>Hours</u>

09/07/16          Review D Reply Brief              1.0
10/19/16          Tel Conf/review order re supp brf  0.4
                  Research re supp brief             1.4
10/20/16          Research Granite State/Thomas
                  Cases                              3.9
10/31/16          Emails and Tel Conf supp brief     0.3
11/15/16          Review D Supp Brief/review cases   2.4
                  Research/Draft Supp Brief Q#3      3.9
11/16/16          Research/Draft Supp Brief Q#3      3.2
                  Review/Revise Supp Brief Q#1/2     2.9
11/17/16          Edit revised Q#1/2                 1.3
                  Revise Whole Supp Brief            3.1
11/21/16          Final Edit and filing             0.9 24.7

EXHIBIT B
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**


Re:  Barrett v. Walker Cty Sch. Dist: **Appellate Fees**

---------------------------------------------------------------

| Date | Task | Hours |
|------|------|-------|
| 01/11/17 | Emails re argument and client | 0.2 |
| 01/12/17 | Tel Confs client/CG | 0.6 |
| 02/17/17 | Review Ltr Brief re Standing Calls court, draft letter court, Tel conf CG | 1.9 |
| 02/22/17 | Emailtel conf CG re hearing Email client re same | 0.3 |
| 02/27/17 | Review D Supp Brief Standing Emails CG re same | 1.1 |
| 02/28/17 | Meet CG re oral argument/brief | 0.8 |
| 03/02/17 | Research/Draft Standing Brief And Tel Conf /emails CG | 3.2 |
| 03/03/17 | Revise Standing Brief and And Tel Conf CG re same | 1.4 |
| 03/06/17 | Review case list | 0.2 |
|  | Review filings and prepare argument | 3.6 |
| 03/07/17 | Review filings, draft argument | 4.2 |
|  | Tel Conf CG re hearing | 0.2 |
|  | Research supp auth | 1.6 |
| 03/08/17 | Research and Draft Argument | 2.9 |
|  | Tel Conf CHG re supp auth | 0.1 |
|  | Review/Revise Supp Auth Letter | 0.5 |
| 03/09/17 | Finalize Supp Auth | 0.2 |
| 03/10/17 | Review Cases/Revise Argument | 1.7 |
|  | Meet CG re argument | 1.1 |
| 03/12/17 | Argument prep/go through cases | 2.5 |
| 03/13/17 | Emails and calls re moots | 0.4 |
|  | Review Fairchild arg edits | 0.5 |
|  | Research re TPM and content neutral | 0.7 |
|  | Work on argument notebook | 0.5 |
| 03/14/17 | Revise argument | 1.3 |
|  | Travel to moots | 0.8 |
|  | Moots | 2.0 |
| 03/15/17 | Oral Argument Prep | 1.0 |
|  | Oral argument/meet client | 2.3 |
|  | Travel to/from argument | 0.5   38.3 |

EXHIBIT B
**ATTORNEY HOURS AND EXPENSES**
**GERALD WEBER**

Re:  Barrett v. Walker Cty Sch. Dist: **Appellate Fees**

--------------------------------------------------------------
Date            Task                              Hours

04/12/17        Draft Fee Brief                   2.3
                Tel Conf CG re same               0.3
04/17/17        Draft Fee Affidavit               1.1
05/12/17        Emails re fee aff experts         0.3
05/17/17        Emails w/ client re case          0.3
05/29/17        Revise Retailiation Letter        0.7
06/22/17        Revise Fee Affs/emails            0.8
10/03/17        Review Order/Tel Conf CG and client
                re same                           2.2
                Revise Fee Aff                    0.5 10.5

## Exhibit C: Previous Attorney Fee Awards - Gerald Weber

<u>Georgia Advocacy Office v. Reese</u>, No. 1:15-CV-3371 (N.D. Ga. 2017)
(Totenberg, J.) (Rehabilitation Act: Order granting fees at $520/hour and 90% of
fees awarded)

<u>M.H. v. Commissioner of Georgia Dept. of Community Health</u>, No. 15:14227 (11th
Cir. July 27, 2016) (Medicaid: Order affirming grant of fees at $520/hour and
100% of fees awarded)

<u>Berger v. Lawrence</u>, No. 1:13-CV-3251-RWS (N.D. Ga. 2016) (Story, J.)
(False Arrest: Order $520/hour and 100% of fees)

<u>Moore v. Cooke</u>, 2012 WESTLAW 5362892 (N.D. Ga. 2013) (Thrash, J.)
(Disability/Medicaid: Order $475/hour and 100% of fees awarded)

<u>Moon v. City of Jackson</u>, No.: 5:11-cv-00180-CAR (N.D. Ga. 2013)
(Free Speech: Settlement $500/hour and 83% of fees and expenses)

<u>Boyajian v. City of Atlanta</u>, No. 1:09-CV-3006-RWS (N.D. Ga. 2011) (Story, J.)
(Vagueness Challenge: Order $435/hour and 100% federal fees and expenses)

<u>Hammond v. Owens</u>, No. 2011CV195436 (Fulton Superior Court March 2, 2011)
(Open Records Act: Order $435/hour and 100% of fees and expenses)

<u>Prison Legal News v. Fulton Cty.</u>, No. 1:07-CV_2618-CAP (N.D. Ga. 2010) (Pannell,
J.) (Free Speech-Jail Banning Magazines: Order $410/hour)

<u>Kennedy v. Avondale Estates</u>, No. 07-11702 (11th Cir. 2008)
(Free Speech-Sign Ordinance: Order $380/hour and 100% of fees and expenses)

<u>Budlong v. Graham</u>, No. 1:06-CV-02910-RWS (N.D. Ga. 2007)
(Church-State and Speech: Settlement $380/hour and 85% of fees)

<u>Marks v. City of Jonesboro</u>, No. 1:06-CV-01904-CC (N.D. Ga. 2006)
(Free Speech-Fortune Telling Ordinance: Settlement $350/hour and 95% of fees and
100% expenses)

## Previous Attorney Fee Awards: Gerald Weber

Bender v. City of Atlanta, No. 1:04-CV-2754-RWS (N.D.Ga. 2005)
(Free Speech-Graffiti Ordinance: Settlement $335/hour and 85% of fees and 100% expenses)

Lawson v. City of Rome, No. 4:04-CV-0131-RLV (N.D. Ga. 2005)
(Free Speech-Petitioning: Settlement $325/hour and 90% of hours and expenses)

Bourgeois v. Peters, No. 02-00171-CV (11th Cir. 2005)
(Free Speech-Protest: Settlement $315/hour and 89% of hours and expenses)

Goldsmith v. Gwinnett Cty. Sch. Dist., No. 1:03-CV-3218-JOF (N.D. Ga. 2004)
(Free Speech-Students: Settlement $315/hour, 90% of hours, 100% of expenses)

Turner v. Habersham Cty., No. 2:02-CV-0039-WCO (N.D. Ga. 2004) (O'Kelley, J.)
(Church/State: Consent Order $300/hour, 99% of hours, 100% of expenses)

Martin v. MARTA, No. 1:01-CV-3255-TWT (N.D. Ga. 2003) (Thrash, J.)
(Disability Class Action: Order $285/hour, 75% of hours all six counsel, no expenses reductions)

Shingler v. Seminole Cty. Sch. Dist., No. 6:01-CV-36-(WLS) (M.D. Ga. 2003) (Sands, J.) (Free Speech-Students: Order $250/hour, 100% of hours and expenses -- no reductions)

Nash v. Dekalb Cty., No. 1:00-CV-1694-MHS (N.D. Ga. 2002) (Shoob, J.)
(Free Speech-Signs: Order $250/hour, 100% of hours and expenses -- no reductions)

Newman v. City of East Point, No. 1:02-CV-001-TWT (N.D. Ga. 2002) (Thrash, J.)
(Church/State: Order $240/hour, 100% of hours and expenses -- no reductions)

Schmidt v. Fort Valley State Univ., 1:99-CV-1659-WBH (N.D. Ga. 2002)
(Employee Free Speech: Settlement $240/hour, 81% of hours and 100% expenses)

George v. Archer, 2001-CV-36883 (Fulton Superior Court 2002)
(Protest Free Speech: Settlement $240/hour, 93% of hours and 100% expenses)

## Previous Attorney Fee Awards: Gerald Weber

<u>Sharif v. City of Atlanta</u>, No. 1:99-CV-2375-HTW (N.D. Ga. 2001) (Ward, J.)
(Musician's Free Speech: Order $235/hour, 91% of hours and 100% expenses)

<u>Bockenek v. Coweta County</u>, No. 3:99-CV-125-JTC (N.D. Ga. 2001)
(ADA Access: Settlement $225/hour, 100% hours and expenses -- no reductions)

<u>Becker v. Ridley</u>, No. 2:00-CV-0021-ECO (N.D. Ga. Aug. 11, 2000) (O'Kelley, J.)
(Freedom of Religion: Order $220/hour (w/o objection), 100% of hours and expenses claimed -- no reductions)

<u>Hall v. Gardner</u>, No. 1:95-CV-0927-MHS (N.D. Ga. Feb. 15, 2000) (Shoob, J.)
(Prison Free Speech/Retaliation Order: $205/hour (w/o objection), 100% of hours and expenses awarded -- no reductions) (Settled on appeal for 83% of hours)

<u>ACLU v. Barnes</u>, 168 F.3d 423 (11th Cir. 1999)
(Internet Free Speech: Order $185/hour (w/o objection), district court awarded 100% hours/expenses (191 hours) and Eleventh Circuit reduced Weber hours by 11.7% (16.33 hours))

<u>A.M. v. Martin</u>, No. 1:96-CV-2316-JEC (N.D. Ga. Sept. 2, 1998) (Carnes, J.)
(Class Action Jail Conditions: Order $190/hour, 100% of hours awarded -- no reductions except certain law clerk expenses)

<u>Dewberry v. Pike Cty. Jail</u>, No. 3:96-CV-39-JTC (N.D. Ga. Dec. 15, 1997)
(Jail Conditions Class Action: Settlement $175/hour)

<u>Cunningham v. City of Atlanta</u>, No. 1:94-CV-1018-RHH (N.D. Ga. Dec. 13, 1995)
(Vining , J.) (Police Brutality: Order $160/hour, 100% of hours and expenses awarded -- no reductions)

<u>Martin v. Ledbetter</u>, No. 94-CV-0299 (N.D. Ga. Dec. 8, 1995)
(Class Due Process Challenge to Commitment of Tuberculosis Patients: Settlement $170/hour,  100% of hours and expenses requested -- no reductions)

<u>Martin v. Ledbetter</u>, No. 94-CV-0299 (N.D. Ga. Dec. 13, 1994) (Murphy, J.)
(Class Due Process Challenge to Commitment of Tuberculosis Patients:  Interim fee Order $170/hour and 100% of hours and expenses requested -- no reductions)

## Previous Attorney Fee Awards: Gerald Weber

<u>Lee v. City of Rome</u>, No. 4:94-CV-0257-HLM (N.D. Ga. Nov. 29, 1994)(Murphy, J.)
(Free Speech/Seizure: Order $150/hour, 100% of hours and expenses requested awarded -- no reductions)

<u>Harvey v. Cobb County</u>, 1:92-CV-0045-MHS (N.D. Ga. July 1994)
(Display of Ten Commandments: Settlement $150/hour, 99.6% of total hours compensated ($100,600 sought/$100,000 settled), 100% expenses awarded)

<u>Lee v. City of Rome</u>, No. 4:94-CV-0257-HLM (N.D. Ga. Dec. 20, 1993)
(Free Speech/Seizure: Partially confidential settlement [total fee award confidential] awarded at $150/hour, 100% expenses)

<u>Murray v. Vining</u>, No. 79-107-2-MAC(WDO) (M.D. Ga. Aug. 30, 1993) (Owens, J.)
(Jail Conditions Monitor: Order $100/hour "largely in an oversight capacity", 85% hours and 100% expenses)

<u>ACLU v. Bell</u>, No. E-8139 (Fulton Superior Court April 1, 1993) (Hill, J.)
(Georgia Open Records Act: Order $150/hour, 100% hours compensated, 100% expenses -- no reductions)

<u>Pelphrey v. Scott</u>, No. 1:92-CV-1730-RLV (N.D. Ga. March 12, 1993)
(Free Speech/Public Forum: Settlement $150/hour, 82% of hours and 100% expenses)

<u>Rhodes v. Seay</u>, No. 1:91-CV-02908 (N.D. Ga. Jan. 1993)
(Jail Conditions Class Action: Settlement $130/hour [not attorney of record and interviewing inmates only] and 100% hours and 100% expenses)

<u>GWAR v. City of Athens</u>, Nov. 1992
(Rock Concert Censorship: Pre-filing settlement $150/hour, 88% of hours and 100% expenses)

* Does not include cases involving issues other than reasonableness of the lodestar.

## <u>SIGNIFICANT CASES LITIGATED – GERALD WEBER</u>

### <u>Church/State</u>

<u>Budlong v. Graham</u>, 414 F.Supp.2d 1222 (N.D. Ga. 2006) (striking statutes creating tax exemption for bibles and similar religious texts)

<u>Pelphrey v. Cobb Cty.</u>, 410 F.Supp.2d 1324, 448 F.Supp.2d 1357 (N.D. Ga. 2006) (challenge to government sponsored sectarian invocations at public meetings)

<u>Selman v. Cobb Cty. Sch. Dist</u>, 390 F.Supp.2d 1284 (N.D. Ga. 2005), <u>vacated and remanded</u>, 449 F.3d 1320 (11th Cir. 2006) (settlement removing evolution disclaimers in science textbooks)

<u>Doe v. Barrow County</u>, No. 2:03-CV-0156-WCO (N.D. Ga. 2003) (challenge to Ten Commandments display in courthouse)

<u>King v. Richmond County</u>, 331 F.3d 1271 (11th Cir. 2003) (permitting  Ten Commandments Seal for Superior Court)

<u>Turner v. Habersham County</u>, 290 F.Supp.2d 1362 (N.D. Ga. 2003) (enjoining Ten Commandments display in courthouse)

<u>Newman v. City of East Point</u>, 181 F.Supp. 2d 1374 (N.D. Ga. 2002) (enjoining government sponsorship of prayer breakfast)

<u>Bown v. Gwinnett County Sch. Dist.</u>, 895 F.Supp. 1564 (N.D. Ga. 1995), <u>aff'd</u>, 112 F.3d 1464 (11th Cir.  1997) (upholding student initiated prayer/moment of silence law) (amicus)

<u>Harvey v. Cobb County</u>, 811 F.Supp 669 (N.D. Ga.), <u>aff'd without opinion</u>, 15 F.3d 1097 (11th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 2138 (1994) (requiring removal of Ten Commandments display from courthouse)

**Disability Rights**

<u>Martin v. MARTA</u>, 225 F.Supp. 2d 1362 (N.D. Ga. 2002) (systemic lawsuit requiring disability access in bus and rail public transportation)

<u>Bockenek v. Coweta County</u>, No. 3:99-CV-125-JTC (N.D. Ga. 2001) (reversing decision barring citizen from serving on jury because of her wheel chair)

<u>Nagel v. Osborne</u>, 164 F.3d 582 (11th Cir. 1999) (insanity acquitee need not be released after extended confinement) (amicus)

<u>ADAPT v. City of Atlanta</u>, No. 0022970 (Atlanta Municipal Court 1996) (negotiated dismissal of charges against 165 disabled protesters arrested for trespassing)

<u>Martin v. Ledbetter</u>, No. 4:94-CV-0299-HLM (N.D. Ga. 1994) (class action resulting in revision of Tuberculosis Control Act to ensure due process rights for persons confined)

<u>Hightower v. Ledbetter</u>, 959 F.Supp. 1549 (N.D. Ga. 1996), <u>aff'd</u>, 166 F.3d 351 (11th Cir. 1998) (class action challenging forced medication and informed consent procedures for mentally ill persons)

<u>State v. Webb</u>, 212 Ga. App. 872 (1994) (rejecting deaf person's right to interpreter for implied consent DUI warnings) (amicus)

<u>Henrickson v. Sammons</u>, 263 Ga. 331 (1993) (extending statute of limitations for disability claims) (amicus)

**Freedom of Expression**

Hubbard v.Clayton Cty. Sch. Dist., 756 F.3d 1264 (11th Cir. 2014)
(Union member whistleblower fired for speaking to press at State Capitol)

Moon v. Brown, 939 F.Supp.2d 1329 (M.D. Ga. 2013)
(seizure of vehicle by Mayor because of political sign supporting Republican candidate for Congress)

Lyde v. City of Brunswick, No. 2:10-CV-00063 (S.D. Ga. 2013)
(settlement after arrest of counterprotester at Tea party protest)

Gilbert v. Mikell, No. 1:13-CV-00110 (N.D. Ga. 2013)
(settlement revising state law on vanity tags on license plates)

Crosby v. Warner Robbins, No. 1:11-CV-00428 (M.D. Ga. 2013)
(settlement in challenge to permit ordinance for protests/filming at protests)


Primate Freedom Project, Inc. v. California Regents, 331 Fed. Appx. 716 (11th Cir. 2009)
(challenge to California Regents attempts to censor contents of website)

Hood v. Purdue, No. 1:07-CV-02470-TCB (N.D. Ga. 2007) (challenge to Georgia funeral protest law)

Prison Legal News v. Fulton Cty., NO.1:07-CV-02618-CAP (N.D. Ga. 2007) (challenge to bar on receipt of magazines in jail)

Marks v. City of Jonesboro, 1:06-CV-01904-CC (N.D. Ga. 2006) (settlement amending ordinances banning fortune tellers)

Fort v. Unterman, 1:06-CV-00319 (N.D. Ga. 2006) (settlement of rules that placed gag on citizens filing ethics complaints to Senate Ethics Committee)

Smith v. Wal-Mart Stores, Inc., 2008 WL 760196 (N.D. Ga. 2008) (anti-Wal-Mart items do not violate Wal-Mart's trademark and are protected free speech)

Grier v. Dekalb Cty., 1:06-CV-02479-GET (N.D. Ga. 2006) (damages lawsuit for citation for "lewd" bumper sticker)

Childs v. Dekalb Cty., No. 1:05-CV-02463-JTC (N.D. Ga. 2005) (challenge to arrest of protesters who refused to turn over documents regarding undercover surveillance of protest)

Berryhill v. Georgia Community Support Serv., 281 Ga. 439 (2006) (scope of Georgia's anti-SLAPP privilege) (amicus)

Maher v. Avondale Estates, 1:00-CV-1874-JEC (N.D. Ga. 2007) (constitutional challenge to sing ordinance)

Johnson v. Boggs, No. 3:05-CV-036-JTC (N.D. Ga. 2005) (challenge to Order of Arrest issued for allegedly defamatory website)

Bender v. City of Atlanta, No. 1:040-CV-2754-JOF (N.D. Ga. 2004) (settlement rewriting public arts ordinance that restricted private property owners expression)

Segar v. Cox Communications, No. 1:04-CV-016960-TWT (N.D. Ga. 2004) (challenge to disclosure of identity of anonymous protester)

Lawson v. City of Rome, 4:04-CV-0131-RLV (N.D. Ga. 2004) (settlement of challenge to ordinance restricting

free speech in public parks) (lead counsel)

Anderson v. Board of Regents, 1:04-CV-3135-JEC (N.D. Ga. 2004) (damages lawsuit for whistle-blower who raised concerns about environmental conditions at university)

National Council of Womens Orgs. v. Augusta-Richmond County, 365 F.3d 1247 (11th Cir. 2004) (striking down permit ordinance that impaired protest at Masters Golf Tournament)

School of Americas Watch v. City of Columbus, 387 F.3d 1303 (11th Cir. 2003) (rejecting mass search of participants at non-violent demonstration)

Mathis v. Cannon, 278 Ga. 16 (2002) (allegedly defamatory speech published on the Internet entitled to same constitutional protection as other media) (amicus)

Consolidated Govt. of Columbus v. Father Roy Bourgeois, 4:01-CV-147-3 (M.D. Ga. 2002) (defeated City's attempt to enjoin 10,000 person funeral procession and march to gate of School of Americas at Fort Benning)

Atlanta Humane Society v. Harkins, 264 Ga. App. 356 (2003), remanded, 278 Ga. 451 (2004), reaffirmed, 273 Ga. App.489 (2005) (defending SLAPP suit against whistle blower who exposed problems with mismanagement and animal cruelty investigations)

Denton v. Brown's Mill Develop., 247 Ga. App. 233 (2000), aff'd in part/reversed in part, 275 Ga. 2 (2003) (scope of Georgia law deterring Strategic Lawsuits Against Public Participation)

George v. Archer, No. 2001CV36883 (Fulton Superior Court 2001) (settlement broadening free speech rights of demonstrators in Centennial Olympic Park)

Sharif v. City of Atlanta, No. 99-CV-2375 (N.D. Ga. 1999) (enjoining and repealing requirement that street musicians acquire a permit and restrict the locations of their performances)

Schmidt v. Fort Valley State Univ., No. 99-CV-1659-WBH (N.D. Ga. 1999) (settlement for $191,000 in case of retaliatory dismissal of adviser to student newspaper for articles critical of administration)

State v. Acuff, No. 99c94966 (Dekalb Superior Court 1999) (dismissing charges against 22 persons charged with disrupting a public meeting by kneeling and singing)

Citizens for Safe Govt. v. Cox Enterprises, No. 97-28385 (Forsyth Superior Court 1997) (dismissing defamation action against State Representative who wrote Attorney General about "patriot" group)

Davis v. Shavers, 269 Ga. 75 (1998) (refusing to apply absolute defamation privilege to recall applications) (amicus)

Samples v. City of Atlanta, No. E-52860 (Fulton Superior Court 1996) (asserting right of Atlanta City Council members to investigate 911 Communications facility)

ACLU v. Miller, 977 F.Supp. 1228 (N.D. Ga. 1996) (enjoining state law restricting anonymous identifiers and links on the Internet)

Williams v. Board of Commissioners of McIntosh County, No. CV295-90 (S.D. Ga. 1996) (refusing to impose sanctions on attorney who allegedly made comments to media in violation of publicity rule)

Moreland v. State, No. 97CR-573-8 (Clayton Superior Court 1996) (dismissing charges against youth charged with advocating overthrow of government for passing out leaflets)

Fagan v. Holbrook, No. 95-25-937 (Forsyth Superior Court 1995) (refusing to enjoin allegedly libelous protest sign)

Ethredge v. Hail, 795 F.Supp. 1152 (M.D. Ga. 1992), vacated and remanded, 996 F.2d 1173 (11th Cir. 1993); Ethredge v. Hallin, 56 F.3d 1324 (11th Cir. 1995) (upholding regulation barring "disparaging or embarrassing" bumper stickers about President on military base)

Lee v. City of Rome, 866 F.Supp. 545 (N.D. Ga. 1994) (requiring return of 300 comic books seized as being "pornorographic" [sic] without judicial review)

Gifford v. Vass, No. 2:93-CV-1033-WCO (N.D. Ga. 1993) (jury verdict rejecting damages in brutality case for disabled man injured when stopped for "lewd" bumper sticker)

Pelphrey v. Scott, No. 1:92-CV-1730-RLV (N.D. Ga. 1992) (affirming Congressional candidate's right to campaign at unemployment office)

Speedway v. Gardner, 206 Ga. App. 439 (1992) (dismissing SLAPP suit filed against opponents of sanitary landfill who spoke in opposition to facility at public meetings)

Forsyth County v. Nationalist Movement, 505 U.S. 123 (1992) (striking county march permit fee) (amicus)

GWAR v. City of Athens (1992) (pre-filing settlement of lawsuit for closing of rock concert)

## **Gay/Lesbian Rights**

Hadaway v. Fowler, No. 07-CV-0105 (Wilkinson Superior Court 2007) (habeas action enforcing adoption by lesbian adoptive mother)

PRIDE v. White Cty., 2006 WL 1991990 (N.D. Ga. 2006) (finding that exclusion of Gay/Straight support club violates Equal Access Act)

O'Kelley v. Cox, 278 Ga. 572 (2004), 280 Ga. 732 (2006) (challenge to process for and structure of state constitutional amendment limiting rights of gay and lesbian citizens to marry or have relationships)

Gay Guardian Newspaper v. Ohoopee Regional Library System, 235 F.Supp.2d 1362 (S.D. Ga. 2003), aff'd, 2003 WL 23190855 (11th Cir. 2003) (challenge to barring of gay newspaper from free publications table)

Burns v. Burns, 252 Ga. App. 598 (2001) (recognition of Vermont Civil Union in Georgia) (amicus)

Powell v. State, 270 Ga. 327 (1998) (striking down state sodomy law under state constitution) (amicus)

Duda v. Duda, No. S96A0903 (Ga. Supreme Court 1996) (affirming judge's discretion to strike anti-gay jurors) (amicus)

Christensen v. State, 266 Ga. 464 (1996) (upholding sodomy and solicitation of sodomy statutes under state constitution's privacy and free expression protections)

Kappers v. Dekalb County Board of Health, 214 Ga. App. 117 (1994) (confinement without due process of person with TB and AIDS)

State v. Cothren, No. 91C7991 (Dekalb Superior Court 1992) (jury acquittal of ten protesters in sit-in against racist/homophobic policies of restaurant chain)

City of Atlanta v. George (Atlanta Traffic Court 1992) (successful selective enforcement challenge to arrest of gay activists for jaywalking)

**Homelessness**

<u>Richardson v. City of Atlanta</u>, No. 1:97-CV-2468-JOF (N.D. Ga. 1997) (class action challenge leading to revision of "urban camping" law and ending police practice of destroying of homeless citizens' property in arrests)

<u>Williams v. City of Atlanta</u>, No. 1:94-CV-2018-RHH (N.D. Ga. 1994), _ F.3d _ (11th Cir. 1995) (successful challenge leading to repeal of "remaining in a parking lot" ordinance)

<u>Urine-8 v. City of Atlanta</u> (Fulton Superior Court 1996) (dismissing charges against protesters arrested for trespassing when bringing toilets into City Hall to protest the failure to provide public toilets)

<u>United States v. Johnson</u>, No. P45732 (Federal Magistrate's Court 1992) (dismissing charges against homeless man selling homeless newspaper on federal property)

## International Human Rights

<u>Mehinovic v. Vuckovic</u>, 198 F.Supp.2d 1322 (N.D. Ga. 2002) (judgment for $440 million in torture case on behalf of victims of "ethnic  cleansing" in Bosnia)

## Jail Conditions/Indigent Defense/Death Penalty

Prison Legal News v.Chapman, 2014 WESTLAW 4247772 (M..D.Ga. 2014)
(Magazine's free speech and due process rights in communicating with inmates)

Thompson v. Eubanks, 557 Fed. Appx. 855 (11th Cir. 2014)
(constitutionality of broad banishment punishment)

Zitrin v. Georgia Composite Board of Medical Examiners, 288 Ga. App. 295  (2007) (asserting that Medical Board should discipline physicians who participate in executions in violation of American Medical Association standards)

Goodman v. State of Georgia, 546 U.S. 151 (2005) (Title II of the ADA provides a damage remedy for inmates) (amicus)

Jackson v. Whitworth, No. 1:04-CV-3181-JOF (N.D. Ga. 2004) (class action challenge to excessive monitoring fees for parolees)

Gardner v. Jones, 529 U.S. 244 (2000) (re-scheduling parole hearing does not violate ex post facto) (amicus)

Gibson v. Turpin, 270 Ga. 855 (1999) (refusing to appoint counsel for state habeas death row inmate with 76 IQ) (amicus)

Felker v. Turpin, 514 U.S. 1002 (1996) (constitutional challenge to application of Anti-Terrorism and Effective Death Penalty Act to habeas for capital defendant) (amicus)

Dewberry v. Pike County, No. 3:96-CV-19-JTC (N.D. Ga. 1996) (class action jail conditions suit settled and new jail built)

Williams v. Resseau, No. 91-61-1-MAC(WDO) (M.D. Ga. 1991) (class action jail conditions suit settled)

**Miscellaneous**

Deal v. Coleman, 294 Ga. 170 (2013)
(challenge to retroactive application of Open Records Act exemption)

Boyajian v. City of Atlanta, 2011 WESTLAW 1262162 (N.D. Ga. 2011)
(enjoining license suspension for wild animal permits on due process grounds)

Whitaker v. Perdue, 4:06-CV-00140-WCO (N.D. Ga. 2006) (challenge to residency restrictions for sex offenders)

In re JM, 276 Ga. 88 (2003) (declaring that Georgia's 170 year old fornication statute violates state constitutional privacy)

Chandler v. Miller, 520 U.S. 305 (1997) (enjoining statute requiring drug tests for candidates for state elective office violates Fourth Amendment) (amicus)

Lassiter v. Alabama A & M University, 28 F.3d 1146 (11th Cir. 1994) (en banc) (test for qualified immunity) (amicus)

Davis v. State, 262 Ga. 578 (1992) (rejecting police claim that ten year old could consent to search of parents' house) (amicus)

**Open Government**

Tisdale v. Gravitt, 2014 WESTLAW 4925703 (N.D.Ga. 2014)
(citizen barred from filming city council meeting and removed from meeting)

Coffin v. Board of Regents, 2004-CV-86238 (Fulton Superior Court 2004) (settlement of fees assessed for access to public records)

Anderson v. Cobb County School Dist., No. 1:02-CV-1893-ODE (N.D. Ga. 2003) (challenge to residents-only policy for speaking at school board meeting)

Smith v. Cobb County School Dist, No. 00-1-08497 (Cobb Superior Court 2003) (access to student disciplinary records)

Anderson v. Campbell, No. 2001-CV-38252 (Fulton Superior Court 2002) (rejecting gag order and closing of proceedings for ethics complaints against Atlanta mayor) (amicus)

Doe v. Custer, No. 99-CV-312-JOF (N.D. Ga. 1999) (successful challenge to secrecy of investigations of judges by Georgia Judicial Qualifications Commission)

Cozier v. FBI, No. 99-CV-0312-JOF (N.D. Ga. 1999) (FOIA access to claimed "national security" investigation of college religion professor with Cuban contacts)

Statewide Detective Agency v. Miller, 115 F.3d 904 (11th Cir. 1997) (enjoining state law restricting access to accident reports)

Rockdale Citizen v. State, 266 Ga. 579 (1996) (failure to examine alternatives to closure of pre-trial proceedings in capital case) (amicus)

Rockdale Citizen v. State, 266 Ga. 92 (1995) (opening pre-trial hearing in capital case to public) (amicus)

ACLU v. Bell, No. E27385 (Fulton County Superior Court 1994) (consent order reducing fee charged to citizens when accessing police reports)

Jersawitz v. Eldridge, 262 Ga. 19 (1991) (upholding right of citizens to arrest government officials who fail to turn over public records) (amicus)

**Police Brutality**

<u>Calhoun v. Pennington</u>, No. 1:09-CV-3286-TCB N.D. Ga. 2009)
(Settlement of over $1 million and reforms in raid on gay bar)

<u>Scott v. Harris</u>, 127 S.Ct. 1769 (2007) (when deadly force may be used in a police chase) (amicus)

<u>Cunningham v. City of Atlanta</u>, No. 1:94-CV-1018(RHH) (N.D. Ga. 1994) (settlement for  bystander beaten when aiding citizen beaten by officer)

<u>ACLU v. Bell</u>, No. E8139 (Fulton County Superior Court 1993) (obtaining access to and eliminating fees for police officers internal affairs reports under Open Records Act)

**Race/National Origin Discrimination**

Carroll v. Tavern Corp., 2011 WESTLAW 1044609 (N.D.Ga. 2011)
(race discrimination at restaurant in customer access)

Brannon v. Townes Cty.,2011 WESTLAW 5041207 (N.D. Ga. 2011)
(race-based traffic stop of black driver accompanied by white passenger)

Perry v. PETCO, Inc., 1:07-CV-2281-ODE-ECS (N.D. Ga. 2007) (race discrimination by pet store in customer
access)

Stewart v. Cherokee Cty., 1:07-CV-00015-TCB (N.D. Ga. 2007) (enjoining immigrant "harboring" ordinance)

Davis v. Valley Servs., LC, 4:04-CV-00020-CDL (M.D. Ga. 2004) (damages lawsuit for race and age
discrimination in employment)

Guevara v. Norcross, No. 01-16909-J (11th Cir. 2002) (challenge to ordinance requiring that commercial signs
be in the English language)

Mayo v. Dudley Community Civic Club (1994) (pre-filing settlement integrating swimming pool and reversing
explicit whites-only policy)

Smith v. Crawfordville Kiwanis (1992) (pre-filing settlement integrating Kiwanis club)

**Religious Freedom**

Price v.Donald, 283 Ga. 311 (2008) (Rastafarian inmates right to practice faith)

John Doe A v. Ault, No. 1:95-CV-1234-RCF (N.D. Ga. 1995) (access to Wicca religious materials and retaliatory transfers for complaining about treatment of faith)

## Students/Juveniles Rights

<u>Smith v. City of Atlanta</u>, 2014 WESTLAW 508811 (N.D. Ga. 2014)
(student locked ot file cabinet for seven hours)

<u>D.H. v. Clayton Cty. Sch. Dist.</u>, 904 F.Supp.2d 1301 (N.D. Ga. 2012)
(student strip search for claimed drug possession)

<u>Sklar v. Clough</u>, 1:06-CV-00319-JTC (N.D. Ga. 2006) (challenge to hate speech code on university campus)
(amicus)

<u>Tillman v. Gwinnett County Sch. Dist.</u>, 1:04-CV-01180-BBM (N.D. Ga. 2005) (striking down school restriction on "gang related" clothing)

<u>Goldsmith v. Gwinnett County Sch. Dist.</u>, No. 1:03-CV-3218 (N.D. Ga. 2003) (settlement of lawsuit about discipline of students for off-campus web page)

<u>Shingler v. Seminole County Sch. Dist.</u>, No. 6:01-CV-36(WLS) (M.D. Ga. 2002) (settlement repealing dress code restriction on all "references to race")

<u>Brown v. State</u>, (Fulton State Court 1999) (successful defense of student charged with terroristic threats for writing fantasy story) (co-counsel)

<u>Thomas v. Clayton County Bd. Educ.</u>, 94 F.Supp. 2d 1290, <u>reh'g</u>, 94 F.Supp. 2d 1330 (N.D. Ga. 1997), <u>aff'd</u>, 261 F.3d 1160 (11th Cir. 2001), <u>reversed and remanded</u>, 536 U.S. 953 (2002), <u>reaffirmed</u>, 323 F.3d 950 (2003) (mass suspicionless strip search of fifth graders to recover small amount of money unconstitutional)

<u>Reid v. Habersham County Sch. Dist.</u>, No. 2:95-CV-0091-WCO (N.D. Ga. 1995) (successful free speech challenge to high school dress code)

<u>A.M. v. Martin</u>, No. 1:96-CV-2316A-JEC (N.D. Ga. 1996) (class action striking down statute delaying probable cause hearings for juveniles and requiring hearing to occur within 48 hours)

**Voting Rights**

Common Cause/Georgia v. Cox, 406 F.Supp.2d 1326 (N.D. Ga. 2005), 439 F.Supp.2d 1294 (N.D. Ga. 2006) (striking down, in part, law requiring state issued photo identification to vote in person)

Andrews v. Cox, No.: 1:01-CV-318-ODE (N.D. Ga. 2001) (challenge to disparate voting procedures and irregularities in vote counting in Georgia)

Miller v. Johnson, 514 U.S. 1002 (1995) (representing minority intervenors in challenge to congressional redistricting scheme)

Williams v. Batten, No. 93-CV-474 (Telfair Superior Court 1993) (upholding right of blind man to sponsor recall petition)

### Women's Rights

<u>Feminists Womens Health Center v. Burgess</u>, 282 Ga. 433 (2007) (whether Medicaid must fund medically necessary abortions)

<u>Etkind v. Suarez</u>, 271 Ga. 352 (1999) (doctors who negligently/intentionally fail to advise women of problems with a pregnancy cannot be sued in tort for wrongful birth) (amicus)

<u>Davis v. Monroe County Schools</u>, 526 U.S. 629 (1999) (students may sue under Title IX for student-on-student sexual harassment) (amicus)

<u>National Women's Health Network v. Matria Health Care</u>, No. E-55599 (Fulton Superior Court 1997) (dismissing SLAPP suit filed against NWHN when sued for petition to FDA critical of product)

<u>Copeland v. State</u> (Fulton Superior Court 1996) (granting release of material witness over eight months pregnant)

<u>Floyd v. Waiters</u>, 525 U.S. 802 (1998) (students who are sexually harassed and raped by school employees have claims under Title IX) (amicus)

<u>Jackson v. State</u>, 208 Ga. App. 391 (1993), <u>dismissed as moot</u>, 263 Ga. 403 (1993) (dismissing possession of cocaine charge against mother whose still-born fetus had cocaine metabolites) (amicus)

<u>Luster v. State</u>, 204 Ga. App. 156 (1992) (rejecting distribution of cocaine charge against mother when metabolites found still-born fetus after beating by father) (amicus)

# Gerald R. Weber

## Legal Employment

Legal Director, American Civil Liberties Union of Georgia (1991-2007)

Senior Staff Counsel, Southern Center for Human Rights (2007-date)

Adjunct Professor:
Emory University School of Law, Constitutional Litigation (1997-date)
Georgia State School of Law, First Amendment & Media Law (1999-date)

Law Offices of Gerald Weber (2004-date) http://www.constitutional-litigation.com

Judicial Law Clerk, Honorable Carolyn Dineen King,
      United States Court of Appeals, Fifth Circuit (1989-1990)

Associate, Dow, Lohnes and Albertson (1990-1991) (Media Law Emphasis)

## Legal Education

**University of Georgia School of Law**  Athens, Georgia (1989)
J.D., *summa cum laude*      Class Rank: 1 of 196

Activities: *Georgia Law Review*, Symposium Editor
      Board of Directors, Georgia Equal Justice Foundation
      American Bar Association Mock Trial Team
      Assistant, Professor L. Ray Patterson
      Law Clerk, Honorable Thelma Cummings-Moore, Fulton Superior Court

Public Interest Activities: Athens Legal Aid Society; Prisoner Legal Counseling Project;
      Project Due Process (Cuban Detainee Representation)

Honors: Order of Coif; McDougald and Meinhard Awards; School of Law Scholarship;
      American Jurisprudence Awards (5 subjects)

## Awards/Profiles

American Bar Association: 21 Young Lawyers Leading Us Into the 21st Century (1995)
*Georgia Trend Magazin*e: Forty Top Georgians Under 40 (1997)
*Atlanta Business Chronicle*: "Weber Fights for Justice" (June 2001)
Emory Law School, Outstanding Leadership in Public Interest Award (2009)
Stonewall Bar Association: Conspicuous Service to Gay/Lesbian Citizens (1996)

United States Department of Justice: Extraordinary Assistance to Crime Victims (1998)

Atlanta City Council Service Award: Indigent Health Care/Grady Hospital (2000)

Atlanta City Council Service Award: Cabbagetown Fire (1999)

Georgia Stonewall Democrats, Partner in Equality: Lawyer Award (1999)

Who's Who Lists for America, American Law and American Legal Education (2000-date)

Weber Resume (Page Two)

## Legal and Civic Activities

State Bar of Georgia Activities:
   Access to Justice Committee Chairperson (2002-date) (appointment)
   Individual Rights Section Co-Chairperson (1998/1999) (elected)
   Lawyer Advertising Committee (1997-1999) (appointment)
   Ethics & Professionalism Committee (1996-1998)

Other Professional Activities:
   Board of Directors, Georgia First Amendment Foundation (1994-date)
   Atlanta Steering Committee, Lawyers' Committee for Civil Rights (1996-1998)
   Board of Directors, Georgia Center for Law in the Public Interest (1998-1999)
   Barrister, Joseph Henry Lumpkin Inns of Court (1994-1996)
   Chairperson, Task Force for the Homeless Legal Committee (1992-date)
   Member, Lawyers Club of Atlanta (1997-1999)
   Member, Federal Bar Association (1998-2002)

Civic Activities:
   Atlanta BeltLine TAD Advisory Committee (2007-date) (appointment by City
Council)
   Member, Leadership Atlanta (1997-1998)
   President, Cabbagetown Neighborhood Improvement Association (1998-2000)
(elected)
   Representative, Neighborhood Planning Unit-N (1998-1999) (elected)
   Board of Trustees, University of Georgia Library (1996-1997)
   Advisory Committee, AID Atlanta (1998-date)
   Advisory Board, Jeanette Rankin Foundation (1997-date)
   Board of Directors, Table of the Elements (record label) (1995-2000)
   Columnist, Street Heat Magazine (homeless issues) (1992-1997)
   Columnist, Dog Soup (free speech column for music magazine) (1992-1994)
   Election Monitor, South African Elections (1994)

## Undergraduate Education

**Illinois State University**  Normal, Illinois  (1986)
B.S., Finance and Law, *summa cum laude*  GPA: 3.96/4.0  Major GPA: 4.0/4.0

Activities: Student Assembly; ISU Students Against Apartheid;  *Druid's Cave*, Literary
Magazine

Honors:  Bone Scholar; Outstanding Student in Finance and Law (1984-1986);
Honors Program

## Previous Non-Legal Employment

Computer Programmer                          1984-1985
R.R. Donnelley & Sons                        Mattoon, Illinois

Factory Worker                               1982-1984
R.R. Donnelley & Sons                        Mattoon, Illinois

Weber Resume (Page Three)

**Teaching and Related Experiences**

    **Adjunct Professor:  Emory University School of Law, Constitutional Litigation (1997-date)**

    **Adjunct Professor:  Georgia State University School of Law, First Amendment & Media Law (1999-date)**

    **Clinical Supervisor:**    **Emory University School of Law (1991-2007)**
        **University of Georgia School of Law (1997-2007)**
        **Georgia State University College of Law (2006-2007)**
        **Mercer University School of Law (2007)**

**Publications**

Weber, *The Long Road Ahead: Sosa v. Alvarez-Machain and "Clearly Established" International Tort Law*, 19 Emory Int'l. L. Rev.129 (Spring 2005)

Weber, *Commercial Speech and the Public's Health: Regulating Advertisements of Potentially Hazardous Products*, 32 Journal of Law, Medicine & Ethics 32 (2005)

Weber, *Review of* R. Delgado & J. Stefanic's *Must We Defend Nazis?*, 21 Ga. State Bar J. 48 (June 1997)

Weber, *Striker Amendment to the Food Stamp Act: Congress Chipping Away at the Union,*

*Family and Social Welfare*, 22 Ga. L. Rev. 741 (1988)

Attorney Education Publications:
    Student Rights in Wake of Morse v. Frederick
        (Ga. School Bd. Attorneys Assoc. 2008)
    Civil Gideon (State Bar of Georgia 2007)
    Balancing School Safety and Free Speech
        (Nat'l School Bd. Attorneys Assoc. 2003)
    Ethical Restriction on Comments to the Press (State Bar of Georgia 2001)

    Racial Profiling (State Bar of Georgia 2000/2001)
    Student Free Speech Rights (Georgia School Bd. Attorneys Assoc. 2001)

    Absolute Immunities in Civil Rights Litigation (State Bar of Georgia 1998)

    Language Discrimination and Language Rights (State Bar of Georgia 1997)

<u>Ethical Restrictions on Contacting Government/Private Employees</u>
(State Bar of Georgia 1997)
<u>Recent Developments in the Law of Section 1983</u> (State Bar of Georgia 1996)

<u>Recent Developments in Attorneys' Fee Litigation</u>
(State Bar of Georgia 1995/1999)
<u>Ethical Restrictions on Comments to the Press</u> (State Bar of Georgia 1994)

ACLU National Conference Publications:
<u>Dancing With The Dague: Seeking Enhanced Attorney Fees</u> (1996)
<u>Procedural Quagmires in School Discipline</u> (2000)

Editorial, Weber & Sekulow, <u>Debate Over School Prayer</u>, *Atlanta Constitution* (May 30, 1993)

Co-Editor, *An Introduction to Law in Georgia* (Institute of Government Univ. of Georgia)
(1998-2004)

Weber Resume (Page Four)

## Lectures and Panels

Significant State, National and International Speeches/Panels:

Moot Court to Georgia Supreme Court on Civil Gideon (Ga State Bar Conference 2007)

United States Compliance with International Laws Regarding Migrants (testimony to UN Special Rapporteur on Migrants 2007)
United States Compliance With International Covenant on Civil and Political Rights (testimony before United Nations in Geneva, Switzerland 2006)

Impact of PATRIOT Act on Artists and Art Scholars (National Convention, College Art Association 2005)

Alien Tort Claims After Sosa v. Alvarez-Machain (Emory Law School Symposium 2004)
Regulating Ads for Hazardous Products (CDC Public Health Law Conference 2004)

Monitoring Human Rights Abuses (Carter Presidential Center 2004)

International Human Rights at Home Conference (Carter Presidential Center 2003)

Balancing Free Speech and School Safety (National Convention, National Association of School Board Attorneys 2003)
Racial Profiling as a Way of Life (National Convention, American Association for Affirmative Action 2003)
Art in Time of War (Atlanta Contemporary Arts Center 2003)
The State of Sex Laws (Phantasm Convention 2003)

Human Rights Protections in a Democratic Society (Czech Republic, Prague-Montenegro War Crimes Project 2002)
Open Courtrooms and the Press (Georgia Chief Magistrates Conference 2002)
USA Patriot Act (Emory Law School 2001) (Gate City Bar Association 2002)

Student Free Speech (Georgia School Board Attorneys' Association 2001)
Privacy and Anti-Terrorism Legislation (Federalist Society 2001)
Racial Profiling (North Carolina Human Rights and Relations Conference 2001)
Hate Speech & The Internet (American Jewish Committee 2001)

Supreme Court Future (UGA Law School/Emory Law School 2000)

Emerging Issues in Internet Law (ABA National Conference 1999)

Thrower Symposium: Law and the Media (Emory Law School 1998)

International Human Rights Standards in United States: The Case of Religion or Belief

(For UN Special Rapporteur for Religious Discrimination) (Emory Law School 1998)

Constitutional Challenges In A Decade Of Change (Emory Law School 1996)

State Bar of Georgia Lectures:
State Bar Conference (2000, 2001, 2007)
Labor and Employment Law Conference (2001)
Bar Council to US District Court (1999)
Bar/Media Conference (1991, 1992, 1993, 1997, 1999, 2000, 2001, 2002, 2003, 2005)
Section 1983 Seminar (1992-2001)
Homeless Rights Seminar (1995-1997)
Olympics Training Seminar (Atlanta 1996, Salt Lake 1999)
Hispanic Bar Association (1997)

Weber Resume (Page Five)

## Lectures and Panels (continued)

ACLU National Conference Lectures:
Bio-Terrorism Legislation/Litigation (2002)
Students' Rights (2000)
Managing ACLU Legal Programs (1998)
Cyberliberties (1997)
Attorneys Fees Litigation (1996, 1998)
Homeless Litigation (1993)

Faculty, Emory University School of Medicine, Southeast Aids Training and Education Center

(Georgia's Tuberculosis Control Act) (1993-1998)

Delegate, Atlanta Regional Assembly on Faith and Public Life (2002)

Teaching Assistant: Illinois State University: Business Law, Finance, Programming (1984-1986)


## Media Contacts

Appeared on hundreds of local, national and international television and radio programs including
CNN, FOX, BBC, ABC, NBC, CBS, MTV, NPR, Pacifica Radio

Quoted in nearly one thousand articles in local, national and international
newspapers and periodicals including
*New York Times, Wall Street Journal, National Law Journal, ABA Journal,
Washington Post, Los Angeles Times, Chicago Tribune, Atlanta Constitution*

etc.

Documentary, *On the Line: Dissent in the Age of Terrorism*
(Interviewed along with Susan Sarandon, Martin Sheen and others)

**IN THE UNITED STATES COURT OF APPEAL**
**FOR THE ELEVENTH CIRCUIT**

_____

| | |
|---|---|
| JIM BARRETT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| WALKER COUNTY SCHOOL | ) |
| DISTRICT, et al. | ) |
| Defendants. | ) |
| | ) |

APPEAL FILE NO.: 16-11952

_____

## DECLARATION OF MICHAEL A. CAPLAN

I, Michael A. Caplan, give the following testimony based upon my personal knowledge and belief.

1. My name is Michael Caplan. I am a founding partner of the law firm Caplan Cobb LLP ("CC") in Atlanta, Georgia.

2. I am a member of the Bar of this Court, the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, the Georgia Court of Appeals, the Georgia Supreme Court, the State Bar of Georgia, and several other courts. I am a *magna cum laude* graduate of the University of Georgia School of Law, where I was an editor of the *Georgia Law Review* and was inducted into the Order of the Coif and Order of the Barristers. I also received an

M.B.A. and B.A. from the University of Georgia.  I received my law degree in

2006. Prior to commencement of private practice, I served as a law clerk to the

Honorable Richard W. Story, United States District Court for the Northern District

of Georgia.  Since concluding my clerkship, I have continuously engaged in the

practice of law in Atlanta.  Prior to founding CC, I practiced law at the law firm

Bondurant Mixson & Elmore LLP ("BME").

3.      My law practice is devoted principally to complex trial and appellate

litigation, including business and civil rights litigation.  Apart from my business

and civil rights practice, I have written and lectured at continuing legal education

seminars on a variety of topics, including appellate practice, ethics and

professionalism, civil rights issues, and attorney's fees.

4.      During my practice of law at BME and CC, I have become familiar

with the ethical rules and economics governing law practice, billing rates, billing

practices, contingency fees, the cost and recovery of litigation support services and

other expenses of litigation, and the setting and collection of legal fees in a variety

of circumstances, including cases presenting professional demands, factual and

legal complexity, and the risk comparable to the instant case.  I have derived this

knowledge from personal experience negotiating fee agreements, billing and

collecting fees and expenses from clients and/or adverse parties in the legal

marketplace, and regularly representing plaintiffs and defendants on an hourly rate basis, a contingency basis, and under alternative fee arrangements.  I have also derived this knowledge from responsibilities at my law firm, bar activities, practice experience, and research performed in support of CLE lecturing.  I have been either lead or co-counsel in numerous civil rights cases.

5.      My current standard hourly rate, based upon my eleven years of experience and the market demand for my legal services, is $450 for complex business and civil rights matters.  I have numerous clients who pay me for my legal services on a monthly basis at this hourly rate.  $450 is within the range of the fair market value for an attorney who has comparable experience, reputation, and knowledge litigating complex matters in state and federal court.  The associates in my firm have hourly rates of $295-$385 per hour and have 3-8 years of experience.  Their rates are also within the range of the fair market value for attorneys who have comparable experience, reputation, and knowledge litigating complex matters in state and federal court.

6.      I am familiar with the reputations and legal practice of Gerald Weber and his colleague, Craig Goodmark.  I have also served as co-counsel with Mr. Weber.  Among the Atlanta legal community, these attorneys have excellent reputations for being highly skilled and knowledgable in the area of civil rights

litigation.  Mr. Weber is perhaps the most renowned and accomplished litigator in the City of Atlanta for issues involving the First Amendment.

7.    The current hourly rates sought ($520 an hour for Gerald Weber and $425 for Craig Goodmark) are well within the range of reasonable and fair market rates for counsel given their years of experience (Gerald Weber 26 years and Craig Goodmark 18 years) and their skill and knowledge in a specialized field of litigation such as federal civil rights litigation and First Amendment cases against public entities like the Walker County School District.

8.    Prior to giving my testimony in this matter, I reviewed the docket in this case, the complaint and various other litigation filings, and the statements of counsel including their timesheets.  I also had various communications with plaintiff's counsel to confirm additional facts, such as the scope of the claims, the summary judgment briefing and subsequent appeal to the U.S. Court of Appeals.

9.    I have reviewed the summary of plaintiff counsels' time entries and activities on this case, as well as the PACER docket report, Judge Murphy's Order granting  summary judgment to Mr. Barrett, the subsequent briefing completed for the Defendants appeal to this Court, and other filings and orders.  Based on my experience litigating plaintiff's employment and civil rights cases in federal district

courts, including jury trials, I believe the time spent on the activities described is reasonable.

10.    In my experience with civil rights litigation, particularly in cases against public entities, these types of cases are uniquely difficult to litigate, due to the many immunities available to state entities and their employees under both federal and state law, and because the law governing dispositive motions and jury instructions that often disfavor the plaintiff.  In addition, cases involving the First Amendment and public forums often pose particularly complex legal issues that require the kind of specific experience held by Mr. Weber and Mr. Goodmark.

11.    In this case, the use of dispositive motions in this case posed unique challenges and required plaintiff's counsel to dedicate substantial time to effectively represent their client.

12.    Plaintiffs selected the most economical path to resolution by pursuing preliminary injunctive relief and later, after court-ordered mediation failed, seeking partial summary judgment.  That successful strategy obviated the need for expensive discovery and led to an expedited determination of the facial constitutionality of the policy.

13.    In this particular case, I understand that plaintiff's counsel expended time preparing and responding to motions in which they prevailed in the trial court.

These motions are an important part of the overall strategy and a reasonable expenditure of time and effort.  Counsel's time researching and drafting these motions helped narrow the issues and contributed to the attorneys' and the court's understanding of the issues before it.

14.   Based on the complex legal issues, the need for preliminary injunctive relief, and the dispositive motions filed in the case,  as well as the experience and skill of the attorneys involved, it is my opinion that the hourly rates and the overall time and expense invested in this matter is reasonable and compensable.  I did not observe any obvious instances of overbilling or unnecessary time entries, and the time entries reflect an appropriate division of labor.

[signature on next page]

UPON PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED

STATES I SWEAR THAT THE FOREGOING FACTS ARE TRUE AND BASED

ON MY PERSONAL KNOWLEDGE.

.

/s/ *Michael A. Caplan*
Michael A. Caplan

## IN THE UNITED STATES COURT OF APPEAL
## FOR THE ELEVENTH CIRCUIT

_____

| | |
|---|---|
| JIM BARRETT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )     APPEAL FILE NO.: 16-11952 |
| | ) |
| WALKER COUNTY SCHOOL | ) |
| DISTRICT, et al. | ) |
| Defendants. | ) |

_____ )

## DECLARATION OF C. ALLEN GARRETT JR.

I, C. Allen Garrett Jr., state that the following testimony is true and correct based upon my personal knowledge and belief.

1.    My name is C. Allen Garrett Jr.  I am over the age of 21 and competent to provide the testimony in this Declaration.

2.    I am a partner with Kilpatrick Townsend & Stockton LLP and a member of the firm's Complex Commercial Litigation group.  I have participated in numerous federal lawsuits at both the trial and appellate levels on behalf of both paying and _pro bono_ civil rights clients.  I routinely represent both plaintiffs and defendants in my practice.

3.    I am a member of the Bar of this Court, the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, the Georgia

Supreme Court, the Georgia Court of Appeals, and numerous other courts.  I am a

1994 graduate of the University of Virginia School of Law.

4.      My primary area of expertise is the preparation of dispositive motions

and appellate briefs.  I have lectured frequently on the subject of effective brief

writing and was a member of the panel who presented on the topic of "Writing the

Winning Brief" at the 2008 Eleventh Circuit Appellate Practice Institute.  A copy

of my complete biography as found on the website of Kilpatrick Townsend &

Stockton is attached hereto as Exhibit A.

5.      I also have significant experience in litigating civil rights matters on

behalf of *pro bono* clients.  Among other things, I have represented Jamil Al-Amin

since Kilpatrick Townsend & Stockton LLP was appointed by the Eleventh Circuit

Court of Appeals to represent Mr. Al-Amin in 2007.  I received the firm's

"Managing Partners' *Pro Bono* Award" in 2007 and 2011.

6.      During my practice of law, I have become familiar with the ethical

rules and economics governing law practice, appropriate staffing of cases, billing

rates, billing practices, contingency fees, the cost and recovery of litigation support

services and other expenses of litigation, and the setting and collection of legal fees

in a variety of circumstances, including cases presenting professional demands,

factual and legal complexity, and the risk comparable to the instant case.  I have

derived this knowledge from personal experience negotiating fee agreements,

billing and collecting fees and expenses from clients or adverse parties in the legal

marketplace, and regularly representing plaintiffs and defendants on an hourly rate

basis and under alternative fee arrangements.  I also have been lead or co-counsel

in several long-running civil rights cases, including First Amendment cases.  *See,*

*e.g.*, *Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir.), *cert. denied*, 129 S. Ct. 104

(2008), *subsequent appeal*, 637 F.3d 1192 (11th Cir. 2011); *Bowers v. Keller*, 651

F.3d 1277 (11th Cir. 2011), *subsequent appeal*, 760 U.S. 1177 (11th Cir. 2014).

  7. My current standard hourly rate, based upon my twenty-two years of

experience, is $620 for all matters.  I have clients who pay me for my legal

services on a monthly basis at this hourly rate.  $620 per hour represents fair

market value for an attorney who has comparable experience, reputation, and

knowledge litigating complex matters in state and federal court.  The associates in

my firm, with an average of one to nine years of experience practicing law, have

hourly rates of $295-$575 an hour.  In my experience, their rates too represent the

fair market value for an attorney who has comparable experience, reputation, and

knowledge litigating complex matters in state and federal court.

  8. I have personal knowledge of Gerald Weber and Craig Goodmark and

am familiar with the civil rights work of these attorneys. Among the Atlanta legal

community, these attorneys have excellent reputations for being highly skilled and knowledgeable in the area of civil rights litigation, including cases raising claims under the First Amendment.

9.     The current hourly rates sought ($520 an hour for Gerald Weber and $425 for Craig Goodmark) are well within the range of reasonable and fair market rates for counsel given their years of experience (Gerald Weber 26 years and Craig Goodmark 18 years) and their skill and knowledge in a specialized field of litigation such as federal civil rights litigation and First Amendment cases against public entities like the Walker County School District.

10.    Before giving my testimony in this matter, I reviewed the docket in this case, the complaint and various other litigation filings, and the statements of counsel including their timesheets.

11.    I have reviewed the summary of plaintiff's counsels' time entries and activities on this case, the PACER docket report, Judge Murphy's Order granting summary judgment to Mr. Barrett, the subsequent briefing completed for the Defendants appeal to this Court, and other filings and orders.  Based on my experience litigating civil rights cases in federal district courts, the time spent on the activities described is reasonable and well within the expected amounts of time spent for the activities listed.

12.    In my experience with civil rights litigation, particularly in cases against public entities, these types of cases are uniquely difficult to litigate, due to the many immunities available to state entities and their employees under both federal and state law, and because the law governing dispositive motions and jury instructions often disfavors the plaintiff.  As well, cases involving the First Amendment and public forums pose particular complex legal issues that require specific expertise like that exhibited by Mr. Weber and Mr. Goodmark.

13.    While this was in part a facial challenge to an existing school district policy, the use of dispositive motions in this case posed unique challenges and required plaintiff's counsel to dedicate substantial time to preparation in order to effectively represent their client. This is especially true in a case where the legal issues are complex even though the factual issues may appear relatively straight forward.

14.    Plaintiffs selected the most economical path to resolution by employing a preliminary injunction and later, after court ordered mediation failed, a partial summary judgment that obviated the need to conduct expensive discovery to reach an expedited determination of the facial constitutionality of the policy.

15.    In this particular case, I understand that plaintiff's counsel expended time preparing and responding to motions in which they prevailed in the trial court.

These motions are an important part of the overall strategy and a reasonable expenditure of time and effort.  Counsels use of time researching and drafting these motions helped narrow the issues and contributed to the attorneys' and the court's understanding of the issues before it.

16.    Based on the length of time the parties litigated this case, the number of contested issues, and the experience and skill of the attorneys involved, it is my opinion not only that the hourly rates, but that the overall time and expense invested in this case is reasonable.  I did not observe any obvious instances of overbilling or unnecessary time entries, and the time entries reflect a specific division of labor.

I declare under penalty of perjury that the foregoing is true and correct.


/s/ *C. Allen Garrett Jr.*
C. Allen Garrett Jr.

NO. 16-11952

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

WALKER COUNTY SCHOOL DISTRICT, ET AL.,

Appellants,

vs.

JIM BARRETT,

Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

## APPELLEE'S *SUPPLEMENT* TO THE MOTION FOR APPELLATE ATTORNEYS' FEES AND EXPENSES AND TRANSFER OF DISTRICT COURT FEES AND EXPENSES TO LOWER COURT

GERALD R. WEBER
Post Office Box 5391
Atlanta, Georgia 31107
404.522.0507
wgerryweber@gmail.com

Attorney for Appellee

COMES NOW Appellee and files this supplement to the Motion for Appellate Attorneys' Fees and Expenses and Transfer of District Court Fees and Expenses to Lower Court by adding a Certificate of Interested Persons and Certificate of Compliance as directed by the Clerk of this Court.

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fed. R. App. P. 26.1 and Rule 26.1-1 (a)(3) of the

United States Court of Appeals for the Eleventh Circuit Rules,

Appellee certifies that below is a complete listing of all persons who

possess an interest in this case:

1. Barrett, Jim

2. Carruth, Mike

3. Farmer, Randall C.

4. Georgia Association of Educators

5. Georgia School Boards Association –

4. Goodmark, Craig

5. Goodmark Law Firm

6. Gregory, Doyle, Calhoun & Rogers, LLC

7. Harben, Hartley & Hawkins, LLP

8. Hartley, Phillip L.

*Walker County School District, et al., v. Jim Barrett*
**No. 16-11952**

9. Liberty Mutual Insurance Co.

10. Miles, William

11. Murphy, Honorable Harold, United States District Judge

12. Ouzts, Patrick

13. Raines, Damon

14. Rodham, Stephen

15. Walker County School District

16. Weber, Gerald

17. Law office of Gerry Weber

18.Wilson, Valarie

19. Womack, Gottlieb & Rodham, P.C.

20. Womack, Ron

Dated: October 17, 2017.

/s Gerald R. Weber

_____

Gerald R. Weber
Georgia Bar No. 744878

Post Office Box 5391
Atlanta, Georgia 31107
404.522.0507
wgerryweber@gmail.com
Attorneys for Appellee

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 27(d)(2)(A)</u>

Appellees certify that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains less than 5,200 words (3502) in a proportionally spaced typeface using Microsoft Word in Bookman Antiqua, 14 point.

Dated: October 17, 2017.

*/s Gerald R. Weber*

_____

Gerald R. Weber
Georgia Bar No. 744878

Post Office Box 5391
Atlanta, Georgia 31107
404.522.0507
wgerryweber@gmail.com
*Attorneys for Appellee*

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served by electronically

filing through the CM/ECF Electronic Filing Service a complete copy

of this *Appellee's Supplement to the Motion for Appellate Attorneys' Fees*

*and Expenses and Transfer of District Court Fees and Expenses to Lower*

*Court* upon the following counsel for defendants:

     Gregory, Doyle, Calhoun & Rogers, Llc
     Randall C. Farmer
     Patrick H. Ouzts
     49 Atlanta Street
     Marietta, GA 30060
     Email: rfarmer@gregorydoylefirm.com
     pouzts@gregorydoylefirm.com

     WOMACK, GOTTLIEB & RODHAM, P.C.
     Ronald R. Womack
     Steven M. Rodham
     P. O. BOX 549
     109 EAST PATTON AVENUE
     LAFAYETTE, GEORGIA 30728

DATED: This the 17th day of October, 2017.


               Respectfully submitted,

               */s Gerald R. Weber*

               _____
               Gerald R. Weber
               Georgia Bar No. 744878

Post Office Box 5391
Atlanta, Georgia 31107
404.522.0507
wgerryweber@gmail.com
*Attorneys for Appellee*

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

CASE NO: 16-11952

WALKER COUNTY SCHOOL DISTRICT, ET AL.,


Appellant,


v.


JIM BARRETT


Appellee


On Appeal from the United States District Court
for the Northern District of Georgia
Rome Division

Civil Action File Number 4:15-CV-0055 (HLM)

_____


**APPELLANT'S RESPONSE TO APPELLEE'S MOTION FOR
APPELLATE ATTORNEYS' FEES AND EXPENSES AND TRANSFER OF
DISTRICT COURT FEES AND EXPENSES TO LOWER COURT**

_____


Randall C. Farmer (Ga. Bar No. 255345)
GREGORY, DOYLE, CALHOUN & ROGERS, LLC
Attorneys for Appellants
49 Atlanta Street
Marietta, GA 30060
Telephone: (770) 422-1776
Facsimile: (770) 426-6155

*Walker County School District, et al. v. Jim Barrett*

**No. 16-11952**

**<u>CERTIFICATE OF INTERESTED PERSONS</u>**

The undersigned hereby certifies that below is a complete listing of all persons

who possess an interest in this case:

1. Barrett, Jim

2. Carruth, Mike

3. Farmer, Randall C.

4. Goodmark, Craig

5. Goodmark Law Firm

6. Gregory, Doyle, Calhoun & Rogers, LLC

7. Liberty Mutual Insurance Co.

8. Miles, William

9. Murphy, Honorable Harold, United States District Judge

10. Ouzts, Patrick

11. Raines, Damon

12. Rodham, Stephen

13. Walker County School District

14. Weber, Gerald

15. Law office of Gerry Weber

16. Womack, Gottlieb & Rodham, P.C.

17. Womack, Ron

18. Georgia Association of Educators.

19. Georgia School Boards Association – Amicus Curiae

20. Harben, Hartley & Hawkins, LLP – Attorneys for Amicus Curiae

21. Hartley, Phillip L. – Attorney for Amicus Curiae

22. Wilson, Valarie – Executive Director of Amicus Curiae.

Respectfully submitted this 27th day of October, 2017.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
Attorneys for Appellants

 /s/ Randall C. Farmer
Randall C. Farmer
Georgia Bar No. 255345
Email rfarmer@gregorydoylefirm.com

49 Atlanta Street
Marietta, GA  30060

## APPELLANT'S BRIEF OBJECTING TO APPELLEE'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

Appellee has requested over $330,000 attorneys' fees in this case, which involved no discovery, no depositions, no trial or hearing, and where only three (3) appellate briefs on overlapping issues were filed. As set forth in further detail below, Appellant requests that the Appellee's requested attorneys' fees be reduced and that fees relating to the trial court be remanded. As an initial matter, it would be more appropriate for this Court to only address the issue of an award of fees and expenses associated with the appeal, and to remand the remaining portion of Appellee's fee request to be addressed with the remaining claims at the District Court. Because the District Court is more familiar with the proceedings at that level, it is in a better position to determine whether the hours expended during that portion of the case were reasonable and appropriate.[1]

Second, Appellant objects to the scope of the requested fees and the requested hourly rate, both within the context of this appeal and with respect to the District Court proceedings. Appellee's fees are unreasonable in light of Appellee's

---

[1] It is worth noting that Appellant sought discovery on Appellee's fees and rates but was not able to pursue its discovery due to the timing of the District Court's order on the motion for summary judgment. (Doc. 59, 66.)

degree of success, the posture of the case, the scope of work performed, and due to Appellee's conduct in expanding the litigation.

## I.     Courts Have Discretion to Reduce Attorney's Fee Awards

Appellee is correct that the "lodestar" is a presumptively reasonable figure, but the lodestar itself must be comprised of hours *reasonably* expended at a *reasonable* hourly rate.[2]  Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983).   That is, the lodestar figure still must be an objectively reasonable estimate.  Id.  In order to recover their reasonable fees, fee counsel bear the burden of showing that they are entitled to such fees.  Norman, 836 F.2d at 1303.

Courts have discretion to reduce awards of attorneys' fees from the "lodestar" figure under a variety of circumstances, including where fees appear to be expanded or relative to a party's success in the case.  See, e.g., M.H. v. Comm'r of the Georgia Dep't of Cmty. Health, 656 F. App'x 458, 461 (11th Cir. 2016) ("[T]he district court can nonetheless adjust th[e lodestar] figure upwards or downwards to account for, among other things, the plaintiff's success in the suit"); Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir.

---

[2] Contrary to Craig Goodmark's declaration, counsel for the Appellant did not consent to Goodmark's hourly rate.  See Declaration of Craig Goodmark, ¶ 3.

2

1988) ("[W]here the time or fees claimed seem expanded or there is a lack of

documentation or testimonial support the court may make the award on its own

experience").

Here, Appellant disputes that the Appellee's requested hours are reasonable

in the context and posture of this case, and further objects that Appellant has failed

to demonstrate the reasonableness of the rate in Walker County or Rome, Georgia.

### A.   The amount of hours expended was unreasonable.

Courts may reduce the number of hours used to calculate the lodestar by

either a close analysis of the hours billed or by making an "across-the-board cut."

M.H., 656 F. App'x 458 at 463.  See also, Hensley, 461 U.S. at 436–37 ("There is

no precise rule or formula for making these determinations.  The district court may

attempt to identify specific hours that should be eliminated, or it may simply

reduce the award to account for the limited success. The court necessarily has

discretion in making this equitable judgment.").  In reducing the number of hours,

a court may consider the time spent on unsuccessful claims and whether any of the

hours claimed were "excessive, redundant, or otherwise unnecessary."  Id. at 434.

In total, Appellee has requested over $330,000 in attorneys' fees.  For a case

in which there was no discovery, no depositions, no trial or hearing, and only three

(3) appellate briefs on overlapping issues, such a figure is unreasonable and

excessive.  First, Appellee's fees were increased by pursuit of claims that were

subsequently dropped.  For example, Appellee abandoned certain issues on appeal.

See Order, dated October 2, 2017, p. 12 n.6.  In particular, Appellee chose not to

defend the District Court's partial injunction with regard to whether the Policy was

content neutral and narrowly tailored at oral argument.  Id.  Accordingly, this

Court vacated the District Court's entry of summary judgment in favor of Barrett

on all claims other than the facial unbridled-discretion claim.  Id. at pp. 17-18.

Yet, Appellee had previously argued those issues in his appellate brief--apparently

unnecessarily, given Appellee's subsequent decision not to pursue those issues.

Appellee also unnecessarily expanded the litigation by filing a citation to non-

binding supplemental authority.   See, Appellee's Citation to Supplemental

Authority.

Second, Appellee's contention that Appellant exacerbated the litigation

during the mediation process is improper,[3] and Appellee has misconstrued

Appellant's efforts to settle this matter.  For starters, Appellee filed this lawsuit

without first seeking any pre-suit resolution and only ten (10) days after he was

placed on the agenda to speak at public comment.  See, Doc. 1; 11th Circuit

Opinion, p. 7.  See also, Ass'n of Disabled Americans v. Neptune Designs, Inc.,

---

[3] Appellant notes that Appellee claimed that "Defendants steadfastly refused to
amend their policy to even provide a timeframe for the scheduling of a first
meeting under the policy."  Appellee's Motion for Appellate Attorneys' Fees and
Expenses and Transfer of District Court Fees and Expenses to Lower Court, p. 13.
Appellant feels obligated to respond to this claim in the context of this motion, but
mediation proceedings were confidential.

469 F.3d 1357, 1360 (11th Cir. 2006) ("Of course, in awarding attorney's fees, a district court has discretion to consider, among other things, whether the litigation is frivolous or whether the plaintiff declined to settle after receiving a fair offer of judgment. And, a district court may consider whether the plaintiff's failure to ask for or to accept voluntary compliance prior to suit indicates that the plaintiff has acted in bad faith, has been unduly litigious, or has caused unnecessary trouble and expense.") (internal citations omitted).

   As it was the District Court who ordered meditation, Appellant believes that the hours related to mediation would be better considered by the District Court. See Doc. 35.  However, to the extent this Court wishes to consider mediation, it should be noted that Appellant made multiple efforts to revise its policy, never refusing to do so.  Appellant offered to reduce the Superintendent's response time for reporting back from ten (10) days to five (5).  (Email from Judge Johnson to G. Weber, dated Jan. 20, 2016, attached as Exhibit A.)  In addition, during mediation, Appellant offered to include a time limit for the initial meeting with the Superintendent.  (Affidavit of Randall Farmer ("Farmer Aff."), attached as Exhibit B, ¶ 6.)  Of course, such a time limit was the only change to the policy the 11th Circuit ordered.  The Court can consider Appellee's rejection of a settlement offer to reduce the requested fees.  Canup v. Chipman-Union, Inc., 123 F.3d 1440, 1445 (11th Cir. 1997).

Third, Appellee has requested fees for time spent on media contact.  For example, Weber has included bills for a telephone conference with a reporter; a telephone conference with the media; revising a press release; and an interview with WXIA.  See, Declaration of Gerald Weber, Exhibit B.  The amount of hours requested should be reduced to account for time spent communicating with the media.  Agster v. Maricopa Cty., 486 F. Supp. 2d 1005, 1016 (D. Ariz. 2007).

Fourth, Appellee did not prevail on all issues.  This Court did affirm the entry of a permanent injunction.  However, should this Court reach the issue of fees accrued during lower court proceedings, the District Court dismissed Appellee's official capacity claims against Defendants Raines and Carruth.

### B.    The requested rate is unreasonable.

Finally, this is a public sector case involving a school board's public comment policy.  The Appellant is located outside of Metro Atlanta.  While Walker County is within the Northern District, it is located hours north of Atlanta.  Even assuming Appellee's rates may be reasonable for Metro Atlanta, Appellee has failed to show that such rates are reasonable or appropriate in the area around Walker County or Rome, Georgia.  This case was filed in the Rome division of the Northern District of Atlanta.  See, Doc. 1.  To be sure, Appellee failed to show that their rates are reasonable or appropriate in the area around Rome.  Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) ("The

6

general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed") (internal punctuation omitted).

Notably, Appellant's law firm, located in Marietta, Georgia and closer to Atlanta, was contracted through an insurance company. (Farmer Aff., ¶ 5.) Counsel for Appellee are claiming rates nearly or exceeding three (3) times as much as counsel for Appellant. Appellant's law firm has no discounted rate with the insurance carrier for a certain volume of cases. (Farmer Aff., ¶ 5.) The Court can consider opposing counsel's hourly rate to reduce a fee award. See, Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1190 (1st Cir. 1996).

On the foregoing bases, Appellee's requested attorneys' fees should be reduced.

Respectfully submitted this 27th day of October, 2017.

GREGORY, DOYLE, CALHOUN &
ROGERS, LLC
Attorneys for Appellant Walker County
School District

/s/ Randall C. Farmer
Randall C. Farmer
Georgia Bar No. 255345

## CERTIFICATE OF COMPLIANCE

The Appellant certifies that 14 point Times New Roman font is used in this

brief and pursuant to Fed. R. App. P. 32 (a)(7)(B) this brief contains 2,069 words.

*Walker County School District, et al. v. Jim Barrett*
**No. 16-11952**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of October, 2017, I electronically submitted the foregoing **Appellant's Response to Appellee's Motion for Appellate Attorneys' Fees and Expenses and Transfer of District Court Fees and Expenses to Lower Court** using CM/ECF system, which will electronically notify the following attorneys of record:

Gerald Weber
Law Offices of Gerry Weber
P.O. Box 5391
Atlanta, GA 31107
404-522-0507
wgerryweber@gmail.com

Philip L. Hartley
Georgia Bar No. 333987
Wells Fargo Center, Suite 750
340 Jesse Jewell Pkwy
Gainesville, Georgia 30501
Email: phartley@hhhlawyers.com

Craig Goodmark
Goodmark Law Firm
209 B. Swanton Way
Decatur, GA 30030
404-719-4848
cgoodmark@gmail.com

**GREGORY, DOYLE, CALHOUN &
ROGERS, LLC**
Attorneys for Appellants
Walker County School District, et al.

/s/Randall C. Farmer
Randall C. Farmer
Georgia Bar No. 255345
Email: rfarmer@gregorydoylefirm.com

49 Atlanta Street
Marietta, GA  30060
Telephone: 770-422-1776
Fax:  770-426-6155

9

| | |
|---|---|
| **From:** | WALTER_E_JOHNSON@gand.uscourts.gov |
| **Sent:** | Wednesday, January 20, 2016 4:32 PM |
| **To:** | Gerald Weber |
| **Cc:** | Randall Farmer; William P. Miles; Craig Goodmark; Ronald Womack |
| **Subject:** | Re: Barrett Update |

Thank you, gentlemen. I will notify Judge Murphy.

On Jan 20, 2016, at 3:13 PM, Gerald Weber <wgerryweber@gmail.com> wrote:

> Randall,
>
> Thanks for the report but the plaintiff's position is that the matter should be returned to the
> district court.
> Thank you Judge Johnson for your assistance.
>
> Gerry Weber
>
>
>
> Gerry Weber
> Attorney at Law
> http://constitutional-litigation.com
>
> All e-mails confidential to the fullest extent of the law.
>
> On Wed, Jan 20, 2016 at 3:07 PM, Randall Farmer <rfarmer@gregorydoylefirm.com> wrote:
>
> Judge Johnson
>
> The Walker County Board of Education has reviewed the Plaintiff's revisions to BCBI provided
> in December as well as the Bartow/Cartersville policies. After consideration of those policies,
> the board is not interested in the policies from Bartow or Cartersville. The board also does not
> accept the Plaintiff's recent revisions to BCBI, which were made in late December. The Board is
> still willing to amend its policy as last submitted to the Plaintiff in 2015 and along those lines is
> willing to reduce the Superintendent's response time from 10 to 5 business days to investigate
> and report back to the requesting party. If the Plaintiff is interested in this change then let us
> know. Thx
>
>
> **Randall C. Farmer**
> Attorney at Law
> **Gregory, Doyle, Calhoun & Rogers, LLC**
>
> 49 Atlanta Street
> Marietta, Georgia 30060

**EXHIBIT A**

www.gregorydoylefirm.com
Tel: 770.422.1776
Fax: 770.426.6155

**Confidential/ Attorney-Client Privilege**
Note: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and/or e-mail.

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

BARRETT,

        Plaintiff,

vs.

WALKER COUNTY SCHOOL
DISTRICT, et. al.,

        Defendant.

APPEAL FILE NO.

16-11952

## <u>AFFIDAVIT OF RANDALL FARMER</u>

BEFORE ME the undersigned authority duly authorized to administer oaths and take acknowledgements, personally appeared, who being first duly sworn and deposes and says that:

1.

My name is Randall Farmer.

2.

I am over the age of 18 years.

3.

I have first-hand knowledge of the facts contained in this Affidavit.

**EXHIBIT B**

1

4.

Gregory, Doyle, Calhoun and Rogers LLC ("GDCR"), located in Marietta, Georgia, represents school districts throughout the state of Georgia.

5.

GDCR is contracted by an insurance company to represent Walker County School District in this lawsuit at an hourly rate of $160.00 per hour for a partner and $150.00 for an associate.  GDCR has no discounted rate with the insurance carrier for a certain volume of cases

6.

During mediation, the School District never refused to revise its policy.  The final revised policy sent to Appellee contained a time limit on the initial meeting with the Superintendent, consistent with the 11th Circuit's opinion on this issue.

FURTHER AFFIANT SAYETH NOT.

/s/ *Randall Farmer*
Randall Farmer

Sworn to and subscribed before me
this 27th day of October , 2017.

_____
NOTARY PUBLIC
My commission expires: April 1, 2020



2

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

CASE NO: 16-11952


WALKER COUNTY SCHOOL DISTRICT, ET AL.,


Appellants,


**v.**


JIM BARRETT

Appellee.

_____


**APPELLEE'S REPLY BRIEF IN SUPPORT OF MOTION FOR
APPELLATE ATTORNEYS' FEES AND EXPENSES**

_____


GERALD R. WEBER                    CRAIG GOODMARK
Post Office Box 5391               One West Court Sq. Ste. 410
Atlanta, GA 31107                  Decatur, GA  30030
404.932.5845                       404.719.4848
wgerryweber@gmail.com              cgoodmark@gmail.com

Attorneys for Appellee

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fed. R. App. P. 26.1 and Rule 26.1-1 (a)(3) of the United

States Court of Appeals for the Eleventh Circuit Rules, Appellee notifies this

Court that the amended and updated CIP filed by Appellants is correct and

complete.

Dated: November 3rd , 2017.

*/s Gerald R. Weber*

_____

Gerald R. Weber
Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107
404.522.0507
wgerryweber@gmail.com
*Attorneys for Appellee*

## APPELLEE'S REPLY BRIEF IN SUPPORT OF
## MOTION FOR ATTORNEYS' FEES AND EXPENSES

Appellee files this short reply brief to address work performed, the time

sought, evidence of hourly rates and the extent of success to date.

## I.   DEFENDANTS FAILED TO PRESENT EVIDENCE TO
## CHALLENGE REASONABLE HOURS

First, Defendants-Appellants (hereinafter Walker) claim that fees were

excessive yet have no factual support for their position, and submit no

affidavits and little specific argument to meet their burden in contesting

hours sought.  To the extent Walker specifically attacks certain time

expended in the case as non-compensable, Walker simply has misstated the

evidence as that time was zeroed out.   Barrett's time is reasonable as shown

by counsels' declarations, expert affidavits and frequent prior fee awards

from this Court and the district courts of this Circuit.

"The government cannot litigate tenaciously and then be heard to

complain about the time necessarily spent by the plaintiff in response." *City

of Riverside v. Rivera*, 477 U.S. 561, 580 n. 11 (1986) (plurality) (citation

omitted).  Where a defendant objects to time entries, they must avoid

"yield-no-quarter strategy" and should prioritize and explain objections.

-3-

*Max M v. New Trier High Sch. Dist.*, 859 F.2d 1297, 1301-02 (7th Cir. 1988);

*Rogers v. Okin*, 821 F.2d 22, 28-30 (1st Cir. 1987).  Simply declaring certain

hours "excessive" or "redundant" fails to present the necessary specificity

of an objection in many circumstances.  *Galdames v. N & D Inv. Corp.,* 432

Fed. Appx. 801, 806 (11th Cir. 2011).

The Supreme Court explained the defendant's burden in opposing a

fee application in *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984).  By failing "to

submit to the District Court any evidence challenging the accuracy and

reasonableness of the hours charged ... or the facts asserted in the affidavits

submitted by [counsel for the applicant]," the party opposing the fee

application waives its right "to challenge ... the District Court's

determination that the number of hours billed were reasonable for cases of

similar complexity."  The Eleventh Circuit has observed that the opposing

party's failure to present evidentiary opposition to a fee application

deprives the district court of "factual evidence to guide the court regarding

the amount of fee or enhancement that would be reasonable...as well as the

clarification of issues that is a valuable part of our adversarial system." *M.H.*

*v. Georgia Department of Community Health*, 656 Fed. Appx. 458, 461 (11th Cir.

2016)( "[C]rediting Plaintiffs' expert's unrebutted affidavit in setting the

reasonable hourly rates [is appropriate and the district court also] provided

a "reasonably specific explanation" in relying on the expert affidavit to

enable us to review how the court established the rates awarded); see also

*NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987).  Here,

Defendants have not met their burden as they present no evidence, no

affidavits and their objections (with one inaccurate exception discussed

below), are general and non-specific.

The primary relief sought here was that Barrett not have his public

comment subject to restriction based upon Walker's unconstitutional policy.

On that score, with the opinion of this Court, Appellee has achieved

complete success.  Absent rehearing, Walker will have to redraft their policy

to eliminate the unbridled discretion conferred upon the school

administration.  That new policy is the relief that Barrett sought in this case.

And despite Walker's repeated unsupported claims about unspecified

"excessive" time, the work performed in this case was required in order to

prevail.  Walker baldly states that "For a case in which there was no

discovery, no depositions, no trial or hearing, and only three (3) appellate

-5-

briefs on overlapping issues, such a figure is unreasonable and excessive."

This is misleading.  The docket in this case shows that a trial on the merits

was consolidated with the hearing on the motion for preliminary injunction

and specially set for August 11, 2015.  Doc. 28.  Until being notified of a

possibility of resolution without a hearing, Appellee was required to initiate

trial preparation, including preparing live testimony and cross-examination.

Appellee's twice agreed to stay the proceedings believing a settlement

resolution without trial could be reached.  Doc. 24. 30.  When negotiations

stalled, Appellee had no options but to expend time and resources in

preparation, and later utilized partial summary judgment to reach

conclusion without unnecessary discovery.

    Moreover, Walker's assertion that "only three briefs were filed" on

appeal ignores the reality that all briefing completed with this Court is the

result of Walker's own decision to appeal.  But for that appeal, Appellee

would not have been required to file their initial brief on August 24, 2016, a

Supplemental Letter Brief on November 21, 2016, a second supplemental

brief on March 3, 2017 as well as their briefing on supplemental authority

filed on March 9, 2017.  And of those briefs drafted, several were at the

specific request of this Court.  In any event, the time sought for the briefing

necessary to prevail on this matter was reasonable in light of the complex

legal issues involved that led to a published 50+ page opinion.

In their only *specific* objection to time expended, Walker incorrectly

asserts that Mr. Weber sought compensation for time related to

communications with the press.  Mr. Weber's affidavit clearly shows that all

time related to media communication was zeroed out of Mr. Weber's time

totals:

| Date | Task | Actual | Billed |
|------|------|--------|--------|
| 04/05/16 | Emails w/ client | 0.2 | |
| | Tel Conf Media re case | 0.4* | 0.0 |
| | Revise Press Release /emails | 0.5* | 0.0 |
| 04/06/16 | Emails re press | 0.5* | 0.0 |
| | WXIA interview | 0.4* | 0.0 |

Weber Declaration, p. 16. Defendants failed to meet their burden in

contesting specific time expended with evidence.

Walker further argues that there should be reduction for

"unsuccessful claims," however under Supreme Court precedent, where

claims are interrelated, there is no reduction.  *Henlsey v. Eckerhart*, 461 U.S.

424, 435 (1982).  Moreover, the claims not pursued at argument were in fact

successful below, but unnecessary to the result on appeal.   Where a

prevailing party has brought a case like this one that involves "a common

core of facts" and "related legal theories," the reasonableness inquiry

should turn on the "significance of the overall relief obtained by the plaintiff

in relation to the hours reasonably expended on the litigation." *Id.*  This is

because "counsel's time will be devoted generally to the litigation as a

whole, making it difficult to divide hours expended on a claim-by-claim

basis." *Id.*  "Such a lawsuit", the Supreme Court observed in *Henlsey*,

"cannot be viewed as a series of discrete claims." *Id.*  Accord, *M.H.* at 461

("Because civil-rights suits sometimes involve common facts and related

legal theories, the district court should not reduce a plaintiff's attorney's

hours merely because the plaintiff won under some theories and not

others.").

   "In determining whether claims are related by a common core of fact,

the Eleventh Circuit has taken an *expansive view*." *Lambert v. Fulton County,

Ga.*, 151 F. Supp. 2d 1364, 1371 (N.D. Ga. 2000) (citing *Popham v. City of

Kennesaw*, 820 F.2d 1570, 1579 (11th Cir. 1987)) (emphasis added).  Like most

civil rights litigation, this case involved interrelated factual and legal issues.

As the Eleventh Circuit has observed:

> In fixing the fee, the district court should be mindful that in complex civil rights litigation … issues are overlapping and intertwined.  [T]he court must consider the relationship of the claims that resulted in judgment with the claims that were rejected and the contribution, if any, made to the success by the investigation and prosecution of the entire case.

*Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1187 (11th Cir. 1983) (quoting

*Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) (en banc)).[2]

---

[2] To determine the amount of attorney's fees to award, the Court must determine the number of hours reasonably expended in *preparing and litigating the case* and then multiply those hours by a reasonable billable rate. *Villano v. City of Boyton Beach*, 254 F.3d 1302, 1308 (11th Cir. 2001) ("[T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."); *see also Foster v. Board of School Comm'rs*, 810 F.2d 1021, 1023 (11th Cir. 1987) ("[M]ost of the attorney hours were spent on general research and investigation applicable to all the claims and … evidence adduced at hearing on unsuccessful claims contributed to the cases presented by victorious claimants."); *Cabrales v. County of Los Angeles,* 935 F.2d 1050, 1052 (9th Cir. 1991) ("A plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage."); *Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988)(emphasis added); *Knight v. State of Ala.,* 824 F. Supp. 1022, 1028 (N.D. Ala. 1993)("A district court must focus on the significance of the overall relief a plaintiff obtains in relation to the relief a plaintiff sought and the hours plaintiff's counsel reasonably expended *on the litigation*.")(emphasis added); *id*. at 1034 ("As to these activities, work which was useful, necessary, and *related to the litigation* is

All of the legal claims were interrelated to the injunctive relief as to

the constitutionality of the policy.  The questions of standing, content

neutrality, prior restraint, and unbridled discretion were all directly tied to

the injunctive relief sought as to the unconstitutionality of the policy.  That

Barrett focused his argument on appeal on the key issue that would lead to

the desired result is nothing more than an efficient strategy choice that

aimed for an injunction against the policy.  Appellee Brief, p. 18; Fee

Petition, p. 11.

Moreover, some of the overlapping issues identified by the

Appellees were actually decided favorably for Barrett by both the district

and the appellate court.  Both the District Court and this Court ruled that

Barrett had standing to bring his claims, that the policy granted unbridled

discretion to the superintendent, was a prior restraint and was content-

based.  Doc. 70, p. 50 (standing), 46 n. 6 (not prior restraint), 69 (content-

based); 11th Cir. Order, p. 17 (standing), 22-23 (policy is a prior restraint), 31,

35-6.  Indeed, the winning path required examination and analysis of

---

compensable.")(emphasis added)(*citing Pennsylvania v. Delaware Valley,* 478 U.S.
546, 561 (1986).

several interrelated First Amendment theories – some consistent with the

District Court's findings (policy content-based) and others requiring the

reversal of the District Court (policy is a prior restraint).   Because of the

interrelatedness of the issues in this case, objections to the reasonableness of

hours fail under clear burdens set by the Supreme Court and this Court.

## II.   <u>DEFENDANTS HAVE NOT REBUTTED HOURLY RATES THAT ARE WELL ESTABLISHED IN PRIOR FEE AWARDS</u>

Walker, while presenting no evidence or expert affidavits, argues that

because its own counsels' rates as defense counsel are lower, this Court

should ignore all the evidence presented by Barrett in support of hourly

rates including two expert declarations, prior fee awards, current rates

charged to paying clients, and even prior fee orders for these counsel from

this Court.   The Eleventh Circuit has explicitly held that defense counsel's

own rates are unhelpful in determining the reasonable rate for a plaintiff's

counsel:

> Opposing counsel represented a governmental entity.  We have
> recognized in the past that private attorneys often charge lower
> rates to the government because of counterbalancing benefits
> such as repeat business, and "[w]here the facts show this, the fee
> charged by a government attorney is simply irrelevant to the

establishment of a reasonable hourly rate for a plaintiff's civil rights lawyer."

*Brooks v. Georgia State Bd. of Elec.*, 997 F.2d 857, 869 (11th Cir. 1993) (quoting

*Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1300 (11th Cir.

1988)).  Thus, defense counsel rates, guaranteed regardless of outcome by

repeat customers, should not be considered.

Next, Defendants argue that hourly rates of Weber and Goodmark are

not from the relevant market.  "'[R]elevant market' for purposes of

determining the reasonable hourly rate for an attorney's services is 'the

place where the case is filed.' *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir.

1999) citing *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th

Cir.1994).   A fee applicant may recover the non-local rates of an attorney

who is not from the place in which the case was filed by showing "a lack of

attorneys practicing in that place who are willing and able to handle his

claims." *Id. See also Brooks,* 997 F.2d at 869 (upholding decision to award

non-local rates based on the district court's finding that there were no local

attorneys who could have handled the case).   As well, the local relevant

community can extend to the reach of the Court's decision beyond where

-12-

the case was filed.  *Gay Lesbian Bisexual All. (GLBA) v. Sessions*, 930 F. Supp.

1492, 1495 (M.D. Ala. 1996) ("This court is therefore the forum for legal

claims from all over the State, especially if the claims concern State matters

of broad public application and interest).

     While there are attorneys in Rome that may occasionally handle civil

rights cases for plaintiffs, the General Counsel of Plaintiff's professional

organization, could not locate any lawyers with the expertise and

experience to handle this matter (that involved free speech, Section 1983

and education law) in the Rome area.  See Declaration of Mike McGonigle,

p. 2, ¶ 4-5.  Defendants' counsel, who are themselves from the Atlanta area

(not Rome), failed to present any evidence or affidavits whatsoever to rebut

the claim that the rates requested are appropriate.

     *Brooks* illustrates that there must be counsel willing and able to litigate

a civil rights case of the particular type and complexity.  In finding that non-

local rates were appropriate, this Circuit observed that:

> the district court panel found that the relevant community was
> Atlanta, in which both McDonald and Wilde have their
> offices.  Although the State suggested that the relevant
> community was Brunswick, Georgia, where the suit was tried,
> the court accepted affidavit evidence that there were no

> Brunswick attorneys familiar with voting rights actions who
> could have handled this case.  This determination was not
> clearly erroneous. *See Johnson v. University College, 706 F. 2d.*
> *1205, 1208 (11th Cir. 1993)* (finding that civil rights litigants need
> not select the nearest and cheapest attorneys).

*Brooks*, 997, F.2d at 869; *see Simmons v. New York City Transit Auth.*, 575 F.3d

170, 175-177 (2nd Cir. 2009) (looking at whether there were willing local

counsel and whether there were in-district counsel with "special

expertise"); *Mathur v. Board of Trustees of Southern Ill. Univ.*, 317 F.3d 738, 744

(7th Cir. 2003) (awarding non-local rates in Title VII case where client could

not find local counsel); *Guam Soc'y of Obstetricians & Gynochologists v. Ada*,

100 F.3d 691, 698-99 (9th Cir. 1996) (awarding non-local rates in specialized

litigation about abortion); *Anderson v. Wilson*, 357 F. Supp. 2d 991, 997-98

(E.D. Ky. 2005) (awarding non-local-rates in complex First Amendment

election law case); *Compare  ACLU v. Barnes*, 168 F.3d 423, 437-38 (11th Cir.

1999) (not awarding non-local rates in basic vagueness and free speech case

where Atlanta market had capable counsel); *Wilkes v. Polk Cty.*, 952 F. Supp.

808, 811 (N.D. Ga. 1997) (same).   Since no counsel could be located near

where the case was filed, as Barrett supports by affidavit, the relevant

market rates here are both well-grounded in the factual record presented

and unrebutted by evidence from Defendants.  The proven hourly rates

here, some recently awarded by this Court to these counsel, are reasonable.

## <u>CONCLUSION</u>

For the reasons set forth herein, and upon the record in the case,

Plaintiff submits that this request for reasonable attorneys' fees and

expenses be granted.

DATED:    This the 3rd day of November, 2017.

/s Gerald Weber
Gerald Weber
(Georgia Bar No. 744878)

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107-0391
(404) 522-0507
wgerryweber@gmail.com

*/s/ Craig Goodmark*
Craig Goodmark
Georgia Bar No. 301428

Goodmark Law Firm
One West Court Square
Suite 410

-15-

Decatur, Georgia 30030
(404) 719-4848
cgoodmark@gmail.com

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 27(d)(2)(A)</u>

Appellees certify that this brief complies with the type-volume

limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains less

than 5,200 words (2670) in a proportionally spaced typeface using

Microsoft Word in Book Antiqua, 14 point.

Dated: November 3, 2017

> ***/s Gerald R. Weber***
> Gerald R. Weber
> Georgia Bar No. 744878

Post Office Box 5391
Atlanta, Georgia 31107
404.522.0507
wgerryweber@gmail.com
*Attorneys for Appellee*

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 3, 2017 I electronically filed the

foregoing *Plaintiff's Reply Brief in Support of Motion For Appellate Attorneys'*

*Fees* and its attachments with the Clerk of Court using the CM/ECF system

which will automatically send e-mail notification of such filing to all

attorneys of record:

DATED: This 3rd day of November, 2017.

<u>/s Craig Goodmark</u>
Craig Goodmark

# IN THE UNITED STATES COURT OF APPEAL
## FOR THE ELEVENTH CIRCUIT

_____

JIM BARRETT,                  )
                                 )

          Plaintiff,       )
                                 )

          vs.              )     APPEAL FILE NO.: 16-11952
                                 )

WALKER COUNTY SCHOOL   )
DISTRICT, et al.            )
_____  )

## DECLARATION OF MIKE MCGONIGLE

Personally appeared, MIKE MCGONIGLE, who, states and declares under penalty of perjury as follows:

1. My name is Mike McGonigle. I am a member of the State Bar of Georgia and the general counsel for the Georgia Association of Educators. I have been a practicing attorney Georgia since 1995. I am legally competent to make this affidavit and have personal knowledge of the facts set forth herein.

2. I have been the General Counsel for GAE since 2007 and have worked in the Office of the General Counsel since 1997. GAE is the labor organization that represents public school employees with over 30,000 members. GAE is the state affiliate of the National Education Association (NEA).

3. I have significant experience locating attorneys with training and experience to represent educators in particular types of matters that involve civil rights litigation. As the general counsel for GAE, my duties include recruiting, retaining and referring legal matters to lawyers in Georgia that will represent the interests of the

organizations and its educator members.  As a result, I have an expert understanding of the legal resources available in each geographic region of the state.  I am aware of those places that have, and those that do not have, legal specialists for particularly complex legal matters, including particular types of civil rights matters, that impact Georgia's educators.  In 2010, I sought out Gerry Weber and Craig Goodmark to handle a complex and high profile First Amendment litigation on behalf of GAE then-president Jeff Hubbard. The 11th Circuit Court of Appeals issued an Order that was not only favorable to GAE and Mr. Hubbard, it will have a positive effect on NEA state affiliate full-time release presidents across the nation. *Hubbard v. Clayton County School District*, 756 F.3d 1264 (11th Cir. 2014).

4.  In the Rome Division of the Northern District of Georgia, while there are perhaps a few attorneys that have litigated free speech Section 1983 matters, there are not attorneys that are qualified to file and litigate for a plaintiff a First Amendment challenge to a school board participation policy that also overlaps with education law issues.  Bobby Lee Cook's firm is possible, but their rates are higher than the lawyers we retained.  For those attorneys that reside and work locally in Walker County and others in the Rome Division, I am not aware of any other attorneys that could navigate the multiple legal complexities at play in this matter.  The case required a very high-level understanding of First Amendment law, including challenges to prior restraints and overbreadth policies, potential immunity defenses, standing issues and finally state education laws.

5.  In 2015 at the initiation of this case, there were no qualified local attorneys that I could

find to handle this matter.  So, I contacted Mr. Weber who explained that he was in the final stages of a similar case.  As a result, I sought out Gerry Weber and Craig Goodmark.  Mr. Weber has extensive complex litigation experience, specifically including matters involving First Amendment Section 1983 challenges to government policies, and he has challenged several public comment policies in the past.  Mr. Goodmark is an education law expert with extensive experience litigating matters arising under O.C.G.A. Title 20 and Section 1983 in both state and federal court.

6. I believe that the hourly rates sought by counsel for the Plaintiff are justified for this case given their respective years of experience and the nature of the claims.  I am personally familiar with the skill, reputation and experience of Gerry Weber and Craig Goodmark and believe that they can command hourly rates at the high end of the spectrum for their years of specialized experience.  I also believe that the rates sought and that the time expended securing the outcome in this case were reasonable. I routinely in my job review outside counsel records for overbilling.

DATED: This the 2nd day of November, 2017.

So declared under penalty of perjury.

FURTHER DECLARANT SAITH NOT.

*s/Mike McGonigle*

Mike McGonigle
Georgia Association of Educators

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 31, 2018

Gerald Richard Weber Jr.
Law Offices of Gerry Weber, LLC
PO BOX 5391
ATLANTA, GA 31107

Appeal Number:  16-11952-BB
Case Style:  Jim Barrett v. Walker County School District, et al
District Court Docket No:  4:15-cv-00055-HLM

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.**

The enclosed order has been ENTERED.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Carol R. Lewis/aw, BB
Phone #: (404) 335-6130

MOT-2 Notice of Court Action